JAMES SIMS *v.* STATE OF INDIANA.

[No. 177S13. Filed November 10, 1977.]

*Mark W. Shaw*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Susan J. Davis*, Deputy Attorney General, for appellee.

DeBruler, J.—Appellant was convicted of commission of a felony (robbery) while armed, Ind. Code § 35-12-1-1 (Burns 1975), first degree murder, Ind. Code § 35-13-4-1 (a) (Burns 1975), and involuntary manslaughter, Ind. Code § 35-13-4-2 (Burns 1975) (all repealed October 1, 1977). On appeal he contends:

(1) that he is entitled to be discharged because he was not tried within seventy days of his motion for an early trial, exclusive of delays attributable to appellant;

(2) that the trial court erred in granting the State a continuance based upon an oral motion averring the unavailability of a witness;

(3) that the trial court erred in refusing to permit appellant to introduce surrebuttal evidence;

(4) that the verdict is not supported by sufficient evidence; and

(5) that the trial court erred in overruling appellant's motion for a directed verdict.

On the night of August 28, 1975, two men approached Mrs. Helen Hitchcock and Kenneth Nelson as they were leaving their automobile in the driveway of an apartment building, and demanded money. One of the men shot Kenneth Nelson in the left thigh, wounding him fatally; the other took Mrs. Hitchcock's purse.

At appellant's trial Roger Brewer testified that he and one Roger Thompson were the men who robbed Mrs. Hitchcock, and that appellant was driving for them. Brewer said that Thompson had done the shooting; that he and appellant knew that Thompson had a gun but had not expected him to use it. Although nothing was said when the trio spotted Hitchcock and Nelson parking in the driveway, Brewer testified that Sims knew that there was to be a robbery. About fifty dollars was taken from Mrs. Hitchcock's purse. This money was divided among Brewer, Thompson and appellant, with appellant receiving about twenty dollars. Brewer testified pursuant to a plea bargain agreement whereby he was to be permitted to plead guilty to voluntary manslaughter.

## I.

At his arraignment February 6, 1976, appellant requested an early trial. Trial by jury was set for April 14, 1976. On April 13, appellant moved for a continuance, in order to give the prosecutor statutory notice of his intent to present alibi evidence. The motion was granted, and the trial was eventually reset for August 4, 1976. On August 2, the State moved for a continuance because one of its witnesses was out of the country. The trial court continued the trial to August 9, 1976. Appellant objected to this continuance, and on August 9, before trial began, requested discharge under Ind. R. Crim. P. 4(B). The motion was overruled and the trial was commenced.

Appellant argues that his trial was not held within the time limitations of Rule 4(B) and that he must therefore be discharged. The rule provides:

> "If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act. . . .

> \* \* \*

> (2) In computing the time comprising the seventy (70) calendar days under this Criminal Rule 4(B), each and every day after the filing of such motion for early trial shall be counted, including every Saturday, every Sunday, and every holiday excepting only, that if the seventieth (70th) day should fall upon a Saturday, a Sunday, or a holiday, then such trial may be commenced on the next day thereafter, which is not a Saturday, Sunday, or legal holiday.

> \* \* \*

> (F) Time periods extended. When a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation contained in this rule shall be

extended by the amount of the resulting period of such delay caused thereby."

Here the first day of the seventy-day period in which appellant could be tried was February 7, the day following his request. The period ran thereafter to and including April 13, 1976, because appellant's continuance of the trial from April 14, made the Fourteenth the first day of "delay" within the meaning of Rule 4(F) attributable to appellant. We take judicial notice of the fact that this period comprised sixty-seven days.

The delay caused by appellant lasted until but not including August 4, 1976, the trial date set after appellant's continuance. But for the State's August 2 continuance motion, appellant would have been tried August 4; that day is therefore not includable in the delay caused by appellant's continuance. The Fourth was the sixty-eighth day, and August 6 was the seventieth day, the last day upon which appellant could have been tried. We also take notice that August 6, 1976, was a Friday, and not a legal holiday. We must conclude therefore that appellant was not tried within seventy days following his early trial motion, and must be discharged unless the State's August 2 continuance was sanctioned by subsection (D) of the rule. That subsection provides:

"(D) Discharge for delay in trial—When may be refused—Extensions of time. If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged."

In *Gross* v. *State*, (1972) 258 Ind. 46, 278 N.E.2d 583, the State was allowed a continuance beyond the limitations of

Criminal Rule 4(B) due to the absence of an essential witness. The court held that Rule 4(D) was available to the State following an early trial request and setting by the accused, and allowed the trial to be continued without denying the defendant a speedy trial, provided that he was tried within ninety days. See also *Holt* v. *State*, (1974) 262 Ind. 334, 316 N.E.2d 362, and *Kleinrichert* v. *State*, (1973) 260 Ind. 537, 297 N.E.2d 822. Here the reason advanced by the State for the continuance was that a witness was out of the country, in Europe, on a long-planned vacation. The testimony of this witness would constitute "evidence for the state, which cannot be had" and there would be "just ground to believe that such evidence can be had within ninety (90) days." Criminal Rule 4(D) permitted the continuance of appellant's trial beyond the seventy (70) day period of Rule 4(B). There was no error in denying the motion for discharge.

## II.

Appellant next contends that the trial court erred in granting the State's August 2 motion for continuance because the motion was made orally at a pre-trial conference. In *Kleinrichert* v. *State, supra,* we held that the statute governing application by the State for continuances due to the absence of witnesses, Ind. Code § 35-1-26-2 (Burns 1975), required a written motion only when the defendant so requests. Contrary to appellant's assertion, the record discloses no request that the motion be made in writing.

## III.

Appellant filed a notice of alibi and at trial produced two witnesses who testified that appellant was at his home on the night of the offenses. These witnesses explained remem-

bering the day in question because of two events, a high school graduation and appellant's starting a new job. The State rebutted this evidence with records of appellant's employer showing that appellant began work on another day. Appellant then sought to prove by documentary evidence that the graduation was held on the day mentioned. The trial court refused to permit appellant to produce such evidence, holding that it was not surrebuttal.

A statute concerning the order of trial proceedings provides:

> "Third. The parties may then respectfully offer rebutting evidence only, unless the Court for good reason, in furtherance of justice, permit them to offer evidence upon their original case." Ind. Code § 35-1-35-1(3) (Burns 1975).

This section provides that a party is entitled as a matter of right to rebut new matters raised by his opponent, but may reopen his case to offer evidence properly belonging in his case-in-chief when the trial court, in the interest of justice, permits. *Shelby* v. *State*, (1972) 258 Ind. 439, 281 N.E.2d 885.

We agree with the trial court that the evidence proffered by appellant was not surrebuttal of the State's rebuttal evidence. "Rebuttal evidence is, as its name indicates, that which tends to explain or contradict or disprove evidence offered by the adverse party." *Layton* v. *State*, (1973) 261 Ind. 251, 255, 301 N.E.2d 633, 636. Surrebuttal evidence serves the same function with regard to rebuttal evidence offered by the opposing party. Evidence of the date of the graduation in no way explained, contradicted, or disproved the State's evidence that appellant's employment did not begin at the time given by appellant's alibi witnesses. It tended rather to buttress the credibility of those witnesses in the area of the graduation date in which it had not been attacked. As such this evidence properly be-

longed in appellant's case-in-chief, and appellant was not entitled to introduce such evidence without leave of the court. The trial court's decision to allow or forbid such testimony is reversible only for abuse of discretion. *Maxey* v. *State*, (1969) 251 Ind. 645, 244 N.E.2d 650, *cert den'd* 397 U.S. 949, 90 S.Ct. 969, 25 L.Ed.2d 130. We find no abuse in this case. The trial court could reasonably have found that permitting appellant to reopen his case would not further the ends of justice. *Griffith* v. *State*, (1959) 239 Ind. 321, 157 N.E.2d 191, relied upon by appellant, is inapposite; *Griffith* holds that if the State is allowed to reopen its case, the defendant should be allowed to rebut any evidence so given.

## IV. and V.

Appellant both assigns error to the overruling of his motion for a directed verdict and contends that the evidence was insufficient to support the jury's verdict. We need not discuss the former issue because appellant has waived any error in the overruling of his motion by presenting evidence. *Parker* v. *State*, (1976) 265 Ind. 595, 358 N.E.2d 110.

Appellant argues that the evidence of his guilt is insufficient not because evidence of any element is absent, but because the only evidence of his participation in the crimes of which he was convicted was the testimony of his accomplice, Roger Brewer, procured by a plea bargain. Appellant quotes *Newman* v. *State*, (1975) 263 Ind. 569, 572, 334 N.E.2d 684, 687:

> "Because human nature would tend to cause accomplices to 'unload' against their partners and desire to clear themselves as much as possible of blame for a crime, such testimony should be highly scrutinized by the jury or fact finder."

The holding of *Newman* however was not that the jury may not convict upon the uncorroborated testimony of an accom-

plice, but that evidence of inducements to the accomplice to testify, in the form of favorable or lenient treatment, may not be concealed from the jury. "In this state a defendant may be found guilty solely on the evidence of a confessed accomplice." *Newman* v. *State, supra; Coleman* v. *State,* (1975) 264 Ind. 64, 339 N.E.2d 51; *Black* v. *State,* (1973) 261 Ind. 410, 304 N.E.2d 781. This is true even when the accomplice's testimony is induced by plea bargain. *Coleman* v. *State, supra; Foster* v. *State,* (1974) 262 Ind. 567, 320 N.E.2d 745. The evidence was not insufficient to support appellant's conviction due to Brewer's complicity in the offenses and inducement to testify.

We note on our own motion that appellant was convicted and sentenced for both the offense of armed robbery, Ind. Code § 35-12-1-1 (Burns 1975) and felony murder, Ind. Code § 35-13-4-1(a) (Burns 1975), both involving the same robbery. As we held in *Candler* v. *State,* (1977) 266 Ind. 440, 363 N.E.2d 1233, 1243, "an armed robbery conviction merges in a felony murder conviction when the felony murder consists of a killing in the commission of the armed robbery." The armed robbery sentence must be vacated.

This case is remanded to the Criminal Court of Marion County, Division I with instructions to vacate the sentence imposed upon Count I, armed robbery, and is in all other things affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 368 N.E.2d 1352.