James JENKINS, Appellant,

v.

STATE of Indiana, Appellee.

No. 879S207.

Supreme Court of Indiana.

Sept. 10, 1980.

Concurring Opinion Sept. 11, 1980.

Daniel L. Toomey, Toomey & Woloshansky, Merrillville, for appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant and his co–defendant, Willie Taylor, Jr., were tried together and convicted of robbery, a Class B felony under Count I, and robbery, a Class B felony under Count II.

The record reveals on April 10, 1978, at approximately 7:00 p. m. three men robbed a Clark's service station in East Chicago, Indiana. Highland Police Officer Schmidt noticed a car without tail lights making several U–turns across four traffic lanes. When the officer stopped the automobile the driver jumped from the car. Assisted by another officer, Schmidt requested the two passengers to exit and move toward the rear of the car. The other officer noticed a weapon on the floorboard which was determined to be a B.B. gun. The butt of a .357 magnum revolver was protruding from beneath the front seat. Two holsters, a stocking cap which had been slit for eye holes and several dollars in lose coin were also discovered in the car.

The officer charged the driver, Mercer Bray, with having a gun without a permit. All three were transported to the Highland Police Station at approximately 3:30 a. m. on April 11, 1978. A detective from the East Chicago Police Department contacted the Highland department about 8:00 a. m., after receiving descriptions of appellant, Taylor and Bray, which paralleled descriptions given by the victims of the service station robbery. The three men were subsequently transported to the East Chicago department at 1:00 p. m., where Taylor confessed, implicating Bray and the appellant, at about 2:30 p. m.

Appellant claims the trial court erred in denying his motion for separate trial from co–defendant Taylor. The applicable statute, IC 35–3.1–1–11 reads in part:

"(b) Whenever two (2) or more defendants have been joined for trial in the same indictment or information and one (1) or more defendants move for a sepa-

rate trial because another defendant has made an out–of–court statement which makes reference to the moving defendant but is not admissible as evidence against him, the court shall require the prosecutor to elect either:

"(1) a joint trial at which the statement is not admitted into evidence;

"(2) a joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted; or,

"(3) granting the moving defendant a separate trial."

The above statute is a legislative response to *Bruton v. U. S.* (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, in which the Supreme Court held that a defendant's Sixth Amendment right of confrontation is violated when a co–defendant's extrajudicial statement implicating the defendant is admitted into evidence, and the defendant has no opportunity to fully and effectively cross examine the co–defendant. Statements incriminating the defendant, whether or not specific reference is made, must be deleted. *Carter v. State* (1977) 266 Ind. 140, 361 N.E.2d 145. This Court has previously held that the insertion of the word "blank" or "X" for the defendant's name is not an adequate redaction. *Sims v. State* (1977) 265 Ind. 647, 358 N.E.2d 746. The statement with such an alteration may be rendered nonsensical or may cause the jury to associate the defendant with the excision or substitute pronoun. *Carter v. State, supra.* The *Bruton* rule does not apply when the confessing co–defendant subjects himself by testifying to full and effective cross examination, although he denies the content of the confession. *Ortiz v. State* (1976) 265 Ind. 549, 356 N.E.2d 1188.

■ In reviewing Taylor's statement read to the jury during the trial, we conclude that the appellant was adequately shielded by removing all references to him. No substitutions were made that may logically point to him. Although the pronoun "we" remained in Taylor's statement, Taylor named Bray throughout the confession as a participant in the robbery. The resultant statement was clear and not vague.

■ Appellant argues that the excisions did not shield him from implications that he participated in the crime because Taylor's redacted statements and Mercer Gray's testimony bore similarities that the jury could not escape. We decline to extend the *Bruton* rule, which cures absence of confrontation to exclude testimony of other witnesses who are available for full and effective cross examination.

■ Appellant claims the trial court erred in permitting Bray to testify. Appellant argues that the discovery of Bray as a witness was obtained through the confession of co–defendant Taylor following his illegal arrest and detention. Consequently, Bray's testimony should be suppressed as a remedy of a Fourth Amendment violation. The appellant stated grounds of relevance and surprise for his objection during the trial. We stated in *Swinehart v. State* (1978) Ind., 376 N.E.2d 486 at 491:

"Grounds for objection to the admissibility of evidence relied upon on appeal must be the same as those urged in the trial. *Beasley v. State* (1977) 267 Ind. 396, 370 N.E.2d 360, 364. That the evidence may have been obtained in violation of the defendant's constitutional rights to be protected against unlawful search and seizure does not elevate the issue to the status of fundamental error that may be raised for the first time on appeal."

Notwithstanding appellant's waiver of this issue, we address his request that the cause be remanded to the trial court in order that the State be required to carry the burden of showing that it acquired knowledge of Bray's involvement from a source independent of Taylor's confession. Assuming for argument only that Taylor's arrest and detention were illegal, there is ample evidence which would direct the State to Bray as a witness including his simultaneous apprehension with Taylor and appellant.

We hold the trial court did not err in permitting Bray to testify.

The trial court is in all things affirmed.

**594**

DeBRULER, PIVARNIK and PRENTICE, JJ., concur.

HUNTER, J., concurs in result with opinion.

HUNTER, Justice, concurring in result.

I concur in result.

Defendant notes that the facts contained in Mercer Bray's testimony parallel those found in co–defendant Taylor's confession and that Bray named defendant as one of the participants in the robbery. Thus, he argues, his motion for a separate trial should have been granted since Taylor's statement, taken in conjunction with Bray's testimony, contained implicit references to him which could not be effectively deleted.

I do not think that an otherwise effective redaction, which was made in this case, becomes ineffective simply because the state introduces other evidence implicating defendant in the crime. Taylor's confession, standing alone, did not connect defendant with the robbery. Therefore, the non–testifying co–defendant's extrajudicial statement did not pose "a substantial threat to [defendant's] right to confront the witnesses against him." *Bruton v. United States*, 391 U.S. 123 at 137, 88 S.Ct. 1620, at 1628, 20 L.Ed.2d 476 at 485. The witness who did implicate defendant was available for full cross–examination. Furthermore, defendant's argument has been addressed and rejected in *United States v. Belle*, (3d Cir. 1979) 593 F.2d 487, *cert. denied*, 442 U.S. 911, 99 S.Ct. 2825, 61 L.Ed.2d 277, and in *United States v. Knuckles* (2d Cir. 1978) 581 F.2d 305, *cert. denied*, 439 U.S. 986, 99 S.Ct. 581, 58 L.Ed.2d 659.