Maximilliano A. RAMOS, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 881S204.

Supreme Court of Indiana.

April 7, 1982.

Rehearing Denied June 1, 1982.

Frederick T. Work, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Maximilliano A. Ramos, was convicted by a jury of murder, Ind. Code § 35–42–1–1 (Burns 1979 Repl.), and was sentenced to a term of imprisonment of thirty-two years. His direct appeal raises the following four issues:

1. Whether the trial court erred in denying a motion for mistrial after evidence was introduced that the gun used by defendant was stolen;

2. Whether there was sufficient evidence to support the jury's verdict that defendant was sane at the time of the crime;

3. Whether evidence of defendant's expressed intent to kill the victim was properly allowed as rebuttal evidence; and

4. Whether defendant's constitutional rights were violated by requiring him to

establish his defense of insanity by a preponderance of the evidence.

A summary of the facts from the record most favorable to the state shows that defendant shot his girlfriend at a family barbecue on May 28, 1979. He had been going with this girlfriend for over two years although he was married and had five children. The facts surrounding the shooting were not disputed, but defendant did present a defense of insanity to the jury.

## I.

Defendant first alleges that the trial court erred in denying a mistrial after certain testimony given by a police officer. When defendant was arrested, a gun was found under the driver's seat of his car. Tests later showed that this was the weapon which had been used in the crime. One of the police officers involved in the investigation testified about finding this gun. The state then asked the officer what a check on the weapon revealed and the officer answered, "It revealed that the gun was stolen from Chicago." The court overruled defendant's motion for mistrial and gave the following admonition to the jury:

"I wish to admonish the Ladies and Gentlemen of the jury, that based upon an objection made by counsel to the last question. I have, first of all, sustained the objection. I will admonish you to disregard the answer and admonish you further that any information about this gun, about whether it was stolen or not, is not subject matter of this trial. It is not to be considered by you in making any factual determination."

 It is well settled that the granting of a mistrial lies within the sound discretion of the trial court and his determination will be reversed only where an abuse of that discretion can be established. *Morgan v. State*, (1981) Ind., 419 N.E.2d 964; *Abrams v. State*, (1980) Ind., 403 N.E.2d 345; *Blackburn v. State*, (1979) Ind., 390 N.E.2d 653. If a jury is admonished by the trial court to disregard what has occurred at trial, or if other reasonable curative measures are taken, no reversible error will ordinarily be found. *Page v. State*, (1980) Ind., 410 N.E.2d 1304; *Ballard v. State*, (1974) 262 Ind. 482, 318 N.E.2d 798.

 In this case, the evidence that the gun was stolen did not amount to a direct allegation of a prior criminal act by defendant. There are many ways that defendant might have obtained possession of the gun not involving any criminal acts on his part. Defendant has not shown that the admonition was an inadequate means of curing any prejudice which may have occurred. Furthermore, any prejudice which may have been engendered by this testimony was slight when compared to the undisputed evidence against defendant. We do not find that defendant was placed in a position of grave peril to which he should not have been subjected. *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312.

## II.

Defendant next contends that there was insufficient evidence to support the jury's verdict that he was sane at the time of the crime charged and that the verdict was contrary to law. It is true that there was conflicting evidence on this issue. One court-appointed psychiatrist had no opinion; another court-appointed psychiatrist testified that defendant was afflicted with an hysterial neurosis where his subconscious mind overpowered his will. A psychologist who testified for defendant confirmed this latter diagnosis. Defendant's wife testified about her husband's mental problems and said he had been hearing imaginary voices for years. Medical records indicated that defendant had a family history of congenital mental illness and a personal history of severe head injuries and long-term alcohol abuse.

In contradiction to this evidence, the state introduced several lay witnesses who testified to defendant's act at the time of the crime and gave their opinions that he was sane at that time. The victim's sister-in-law who was an eyewitness to the crime testified that defendant appeared normal at the time of the shooting and his hand was

steady when he pulled the trigger. She had previously known and spoken to defendant and gave her opinion that he was sane at the time of the crime. The two police officers who arrested defendant testified that he appeared normal and was sane on the day of the crime. One of the officers had known defendant for about eight years and testified that he never felt that defendant had a mental or emotional problem. All these witnesses were able to state facts upon which they based their opinions of sanity. *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831.

Many of defendant's actions on the day of the crime also conflicted with his claim of insanity. Evidence showed that defendant requested an attorney when he was arrested and inquired about the victim's condition. He told his wife he had killed a person and then started to flee in his car. Although he later asserted that he had no memory of the incident, there was evidence that he related the entire incident to a staff member at Logansport State Hospital. Testimony showed that about two weeks prior to the crime he told someone he would kill the victim.

It is clear that our present statute concerning the defense of insanity places the burden on defendant to prove the existence of insanity by a preponderance of the evidence. Ind.Code § 35–41–4–1 (Burns 1979 Repl.). We have consistently upheld this statute against constitutional arguments. *Basham v. State*, (1981) Ind., 422 N.E.2d 1206; *Price v. State*, (1980) Ind., 412 N.E.2d 783. Furthermore, it is axiomatic that where the party with the burden of proof suffers a negative judgment, a question on the evidence must be raised on assignment that the verdict is contrary to law. A negative judgment will be reversed on appeal only where the evidence is without conflict and leads to but one conclusion. *Thomas v. State*, (1981) Ind., 420 N.E.2d 1216; *Price v. State, supra.*

In this case, the jury heard conflicting evidence regarding defendant's sanity as outlined above. This Court will not weigh such conflicting evidence, for that would be an invasion of the province of the jury. There was sufficient evidence of defendant's sanity in this case to support the verdict of the jury.

### III.

Defendant next contends that the trial court erred in permitting the state to introduce evidence of his intent to kill the victim as part of their rebuttal testimony. During his case-in-chief, defendant presented evidence of his insanity and his abuse of alcohol. There was also evidence that he was very upset on the day of the shooting when he came home and found out that his girlfriend, the victim, had called his wife. He immediately left at that point to confront the victim.

In rebuttal, the state introduced evidence by another witness that the defendant had told her he would kill his girlfriend if she did not come back to him. He had made this statement two weeks prior to the killing and repeated it three times. This testimony clearly tended to rebut the possible conclusion that the killing was in sudden heat caused by anger over the telephone call to defendant's wife. Since it tended to explain, contradict or disprove defendant's evidence, it cannot be said to have been improper as rebuttal evidence. *Sims v. State*, (1977) 267 Ind. 215, 368 N.E.2d 1352; *Layton v. State*, (1973) 261 Ind. 251, 301 N.E.2d 633. The admissibility of rebuttal evidence is within the sound discretion of the trial court. *Teague v. State*, (1978) 269 Ind. 103, 379 N.E.2d 418; *Layton v. State, supra.* We find no error here.

### IV.

Defendant finally contends that our statute which requires the defendant to establish the defense of insanity by a preponderance of the evidence is unconstitutional as he is now forced to prove one of the essential elements of the crime. Ind.Code § 35–5–2–1 (Burns 1979). We have clearly decided this issue contrary to defendant's position and found that there is no constitu-

tional problem in treating insanity as an affirmative defense rather than as an essential element of the crime. *Thomas v. State, supra; Price v. State, supra.*

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.