*In re* ESTATE OF RUSSELL O. HARPER, Deceased (Thelma Harper, Petitioner-Appellee, v. Beverly Humphrey, Respondent-Appellant).

Fourth District   No. 4—85—0263

■■■■■■■■

Opinion filed November 19, 1985.—Modified on denial of rehearing January 3, 1985.

Arthur N. Laudeman, of Bach & Laudeman, Ltd., of Bloomington, for appellant.

John Naylor, of Naylor, Mueller & Willard, of Bloomington, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On February 18, 1982, petitioner, Thelma Harper, filed a petition in the estate of Russell O. Harper, deceased, then in administration in the circuit court of McLean County, alleging that she was the surviving spouse of the deceased and requesting a surviving spouse's award. On November 14, 1984, the court entered an order fixing the award in the amount of $10,000 and ordering it paid. Beverly Humphrey, executor of the estate, has appealed. We have jurisdiction pursuant to Supreme Court Rule 304(b)(1) (87 Ill. 2d R. 304(b)(1)). We affirm.

The executor contends that because of the joint and mutual nature of a single will, executed by the testator and his previous wife and probated first as her will and now as his, all or most of the assets of the estate cannot be used to pay the award to petitioner.

The heading of the will and the introductory paragraph described the will as being joint. The will then stated:

### "FIRST

This Joint Will is made pursuant to an agreement between ourselves which is not to be revoked by the survivor.

### SECOND

All of our just debts and funeral expenses shall be paid as soon after our respective deaths as is reasonably practicable.

### THIRD

All of the estate of the one of us first dying, including all property, real, personal or mixed, wherever situated, shall vest in and become the absolute property of the survivor."

The next paragraph directed that after the death of the survivor, the then executor convert all property to cash and divide it into five "approximately equal parts" to be given to the five children of one or the

other of the testators by a prior marriage. Provision was made for rights of survivorship of the legatees.

Section 15—1(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 15—1(a)) provides for an award for a surviving spouse in order to support the spouse for a period of nine months taking into account the needs of the spouse and the condition of the estate. The award must be for at least the amount of $10,000 as awarded here. Section 15—1(b) of the Act states that the spouse is entitled to the award unless the will "expressly provides that the provisions thereof for the surviving spouse are in lieu of the award" and that spouse does not renounce the will. Section 18—10 of the Act (Ill. Rev. Stat. 1981, ch. 110½, par. 18—10) classifies a surviving spouse or child's award as a second class claim, thus giving it priority over all claims except those concerning funeral, burial, and expenses of administration.

■■ ■ A decision in this case does not require us to determine whether the will was joint and mutual or whether a trust for the benefit of the legatees was created and vested upon the death of the first testator. (See *Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 445 N.E.2d 77.) The agreement between the testators clearly provided for the claims against the estate to be paid. Section 18—10 of the Act classifies the surviving spouse's award as a claim and one having high priority. Clearly, the surviving spouse's award is not a bequest nor a gift *causa mortis*. It is a short continuation of the obligation of one spouse to support the other. (See *Montgomery v. Michaels* (1973), 54 Ill. 2d 532, 301 N.E.2d 465.) The direction to pay all claims was a direction to pay a surviving spouse's award.

The only way the surviving spouse's award could have been defeated was by an express provision in the will accepted by the spouse by not renouncing the will. Here, the will contained no such provision. Moreover, the petitioner filed a document purporting to be a renunciation of the will. Regardless of whether the document has any other effect, it was an indication that she was not waiving her surviving spouse's award.

■■ The fact that property was obtained by decedent from his previous wife, Dorothy Abshire Harper, under the provisions of the joint will does not prevent that property from being subject to the payment of the claims of this estate, including the widow's award. The award was proper. We affirm.

Affirmed.

WEBBER and MORTHLAND, JJ., concur.