Michael J. FLOYD, Appellant,

v.

STATE of Indiana, Appellee.

No. 684S248.

Supreme Court of Indiana.

Jan. 28, 1987.

Rehearing Denied March 30, 1987.

Loren J. Comstock, Lohmeier, Reed & Comstock, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a conviction of Conspiracy, a Class A felony, for which appellant received forty (40) years, Rape, a Class A felony, for which he received fifty (50) years, and Confinement, a Class B felony, for which he received twenty (20) years, all sentences to be served consecutively.

The facts are: In the early morning of July 13, 1983, the victim left her summer job at Stone City Products in Bedford, Indiana. When she reached her car, in the parking lot, she discovered Ron Deckard in the back. She had previously met Deckard and conversed with him. On the occasion in question, she engaged Deckard in conversation for approximately twenty minutes. During this time, Deckard asked the victim to drive to Road 446 to meet some friends. She refused to do this because of the late hour; however, she did agree to take him to another location.

As she was driving with Deckard in the car beside her, he produced a gun and grabbed her around the neck. He then forced her to drive to the Road 446 location. During this drive, she noticed that another automobile was following them. When they arrived at Road 446, Deckard required her to stop the car. He then handcuffed the victim and made her lie face down on the seat. Deckard went to the other automobile which had stopped behind them and talked to the person in that automobile. Deckard then came back and placed a toboggan mask over the victim's head and put her in the trunk of the automobile. Deckard then drove the car, advising the victim that they were going to Kentucky.

Shortly thereafter he stopped the car, put the victim in the back seat and covered her with a blanket. After driving a little farther, he stopped, gagged her with a bandanna and again put her in the trunk. A short time later he stopped the car, removed the victim from the trunk, took off her pants and underwear and pushed her down on the blanket. During this period, the victim could not see because of the toboggan mask over her head.

At that point, another person came to where the victim was lying on the blanket. She heard him unzip his trousers as he got on top of her. When this person talked to Deckard, she recognized his voice as that of appellant whom she had met on a previous occasion. As appellant started to rape the victim, Deckard clicked the gun and told her to cooperate, after which she testified she did not resist. Following the rape, Deckard drove the victim a short distance, gave her back the keys to her car and told her they were in Kentucky; however, the victim recognized that she was on old State Road 37 and drove home where she called the Sheriff.

The victim was examined by Dr. Gareth Morgan who found evidence of sperm in her vagina. The gun used was a BB gun

which looked like a forty-five pistol. Deckard told the victim that it was in fact a forty-five pistol.

The first question we will dispose of is a question raised by appellant for the first time in his reply brief. He claims the State was late in filing appellee's brief and for that reason the State's brief should not be considered by this Court. However, appellant cites only Ind.R.App.P. 8.1(A), which provides that an appellee's brief shall be filed within thirty days of the filing of appellant's brief. He neglects to cite Ind.R.App.P. 12(D) which provides, among other things, when briefs are served upon opposing counsel by mail, the time for response is automatically extended for a period of five days from the date of mailing. Appellant's proof of service of a copy of his brief in this case states that he served a copy of the brief by mailing it by first-class mail on the 19th day of October 1984 to the Attorney General.

An examination of the 1984 calendar shows the thirty day period for the filing of the State's brief would have started to run on October 24. Thus the time for the filing of the State's brief expired at midnight on the 23rd of November. The Court takes judicial knowledge that this was the day after Thanksgiving and that the State House was closed for business on that day; therefore, under Ind.R.App.P. 13(4) the State's time for filing its brief would automatically be extended to November 26, 1984. An examination of the records in this case shows that the State's brief was in fact filed at 2:00 p.m. on November 26, 1984. We therefore hold the State's brief was timely filed and should be fully considered by this Court.

Appellant claims the trial court's sentence, which equaled one hundred and ten (110) years, lacks proportionality, is excessive and constitutes cruel and unusual punishment. Ind.R.App.Rev.Sen. 2 provides as follows:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

Ind. Code § 35–50–1–2(a) provides in part:

"[T]he court shall determine whether terms of imprisonment shall be served concurrently or consecutively."

The trial judge in this case first set out the mitigating circumstance that the defendant had no previous conviction record. The court then set out aggravating circumstances that the defendant showed no remorse and that his attitude has been such that one could believe that he would be likely to commit another crime. The judge also noted the total innocence of the victim who had in no way provoked the acts of appellant, the cruelty of the crime and the fact that the victim was tied up and placed in the trunk of a vehicle on a hot summer night with a toboggan cap over her face. It was pointed out that the victim testified that she felt she was going to suffocate.

The court further found that the defendant was unlikely to respond affirmatively to any type of short-term imprisonment and that if he were placed on the street that in a short period of time he would commit another crime. The court also pointed out that a deadly weapon was used in the perpetration of the crime.

Appellant takes the position that the recitation of aggravating facts applied only to his accomplice in the crime and were not his acts. This argument avails him nothing. Where two people act in concert to commit a crime, each may be charged as a principal in all acts committed by the accomplice in the accomplishment of the crime. *Bean v. State* (1984), Ind., 460 N.E.2d 936.

In the case at bar, the evidence is clear that appellant was in fact the directing principal in the perpetration of the crime. He had instructed Deckard what to do, had requested him to bring the pistol

with him and had actually used Deckard to gain control over the victim, allowing Deckard to be fully exposed to identification and in that fashion hoping to keep his identity from the victim. The trial judge was entirely correct in ascribing to appellant not only his direct act of raping the victim but the acts of his accomplice in the perpetration of the crime. When considered in this light, it becomes quite clear the trial judge was well within the bounds of the statutes and the rules of this Court in assessing the penalties against appellant. We find no error in the sentencing of appellant.

■ Appellant claims there is insufficient evidence to support the verdict of guilty. We hold the above-recited evidence is clearly sufficient to support the verdict of the jury. The testimony of the victim identified appellant as the rapist. This alone was sufficient under the law to sustain his conviction. *Arnold v. State* (1982), Ind., 436 N.E.2d 288; *Bonds v. State* (1982), Ind., 436 N.E.2d 295. In addition to the victim, Deckard also testified identifying appellant as the rapist and the director of Deckard's participation in the crime. The testimony of Deckard as an accomplice is sufficient, standing alone, to support the conviction. *Taylor v. State* (1981), Ind., 425 N.E.2d 141; *Martin v. State* (1981), Ind.App., 419 N.E.2d 256. We hold the evidence is more than ample to support the jury verdict.

Appellant claims his trial was improperly lodged in Lawrence County because the rape occurred in Monroe County. The facts in this case clearly support the proposition that the crime was commenced in Bedford, Indiana, located in Lawrence County. The plan between appellant and Deckard was commenced with Deckard positioning himself in the victim's automobile, then as directed by appellant, he abducted the victim, which abduction as above set out, eventually led to her rape which appellant alleges occurred in Monroe County.

■ Under the circumstances, appellant or his accomplice could have been tried in either Lawrence County or Monroe County. *See* Ind. Code § 35-32-2-4. There is no

question but what the crimes perpetrated against the victim commenced in Lawrence County and proceeded as a continuing event until she was eventually released by Deckard in Monroe County. Under those circumstances, venue for the trial of appellant would lay in Lawrence County or in any other county in which the crime continued. *See State v. Carrier* (1956), 235 Ind. 456, 134 N.E.2d 688. Further, we note that appellant made no objection to being tried in Lawrence County.

■ He raises this issue for the first time on appeal and asserts that it is fundamental error. We do not agree. Many times this Court has held that a defendant waives error relating to venue when he fails to make an objection at the appropriate time in the trial court. *Martin v. State* (1966), 247 Ind. 592, 219 N.E.2d 902; *Brown v. State* (1941), 219 Ind. 251, 37 N.E.2d 73. There was no error in trying appellant in Lawrence County.

■ Appellant claims the trial court erred in refusing to allow the testimony of polygraph expert Milton Berman. Appellant first submitted to a polygraph test by Berman but with no agreement with the State prior to the taking of the test concerning its admissibility. Upon the completion of that test, he then agreed to take a polygraph test to be performed by Eric C. Shopmeyer of the Bloomington Police Department and stipulated that the result of that test be admitted into evidence. That test proved to be unfavorable to appellant. He then attempted to have the test administered by Berman admitted into evidence, which the trial court refused. The trial court was correct in its ruling. A polygraph test is not admissible in evidence unless it has been agreed before the taking of the test that it will be admissible as evidence. *Dean v. State* (1982), Ind., 433 N.E.2d 1172; *Williams v. State* (1978), 268 Ind. 365, 375 N.E.2d 226.

■ Appellant claims the trial court erred in allowing the admission of the pretrial confession of Deckard and the trial testimony of Deckard. Appellant is correct

in his observation that co-conspirators' confessions are inadmissible as a general proposition. *Marjason v. State* (1942), 225 Ind. 652, 75 N.E.2d 904. However, in the case at bar, it was proper for Deckard to be called as a witness against appellant and inasmuch as he was in the courtroom available for cross-examination his prior statements were admissible. *Jenkins v. State* (1980), 274 Ind. 140, 409 N.E.2d 591; *Flewallen v. State* (1977), 267 Ind. 90, 368 N.E.2d 239.

Appellant next claims the trial court erred in admitting the testimony of John Edwards and Cheryl Hardin on rebuttal. It is appellant's position that the testimony of these witnesses was proper only in the State's case-in-chief. He cites *Sims v. State* (1976), 267 Ind. 215, 368 N.E.2d 1352 to support his position. He also claims the witnesses should not have been allowed to testify because they were not listed by the State as potential witnesses prior to trial.

■ The State is under no obligation to provide a defendant with a list of its rebuttal witnesses. *Thompkins v. State* (1978), 270 Ind. 163, 383 N.E.2d 347. An examination of the evidence in this case discloses that the witnesses were in fact proper rebuttal witnesses. Appellant had presented evidence that he was not in Bedford on the night in question, whereas the witnesses presented evidence that he was. The testimony also tended to rebut appellant's evidence as to when he returned home on the evening in question. The State concedes that Cheryl Hardin's testimony could conceivably have been used in the case-in-chief; however, since it was also proper rebuttal evidence there was no error in the court allowing the State to call her as a rebuttal witness.

We see no error in the allowing of either of these witnesses to testify as rebuttal witnesses.

Appellant claims the trial court erred in allowing the testimony of Janet Collins and Scott Davis at the sentencing hearing. It is appellant's position that the testimony of these witnesses amounted to a second trial and that it was their testimony that played a large part in the judge rendering the sentences which he now objects to as being excessive.

■ First, we observe that the testimony of these witnesses was not objected to by appellant at the time it was presented, thus there is a waiver of that issue. *Suggs v. State* (1981), Ind., 428 N.E.2d 226. Collins testified that appellant had raped her on a previous occasion. Davis testified that he was with Collins at that time and that appellant held a gun at the back of his head and said he would kill both Davis and Collins and forced them to drive to Lake Monroe. It was entirely proper for the trial court to consider appellant's prior criminal activity at the sentencing hearing. Such conduct need not be reduced to a conviction to be admissible for the court's consideration in fixing punishment. *Jackson v. State* (1981), Ind., 426 N.E.2d 685; *McNew v. State* (1979), 271 Ind. 214, 391 N.E.2d 607.

The trial court is affirmed.

All Justices concur.