**Larry C. McCRANEY, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

**No. 685S249PS.**

Supreme Court of Indiana.

June 10, 1987.

Susan K. Carpenter, Public Defender, William L. Touchette, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner-Appellant, Larry C. McCraney, was found guilty by a jury of the crime of murder, and sentenced to fifty (50) years imprisonment. On April 21, 1983, this Court affirmed his conviction. *McCraney v. State* (1983), Ind., 447 N.E.2d 589. Subsequently, McCraney filed a *pro se* petition for post-conviction relief which was denied. McCraney now appeals the denial, raising the following issues for our review:

1. effective assistance of trial counsel, and

2. prosecutorial misconduct in suppressing evidence favorable to the defense.

We note that these issues were available for McCraney to raise on direct appeal. Post-conviction relief is not open for raising issues which were available to a petitioner on direct appeal. *Riddle v. State* (1986), Ind., 491 N.E.2d 527, 528. Absent a showing of fundamental error, the issue is waived. *Id.*

I

McCraney first argues he was denied effective assistance of counsel because his trial counsel failed to adequately present McCraney's claim of self-defense. Specifically, McCraney claims counsel failed to call both McCraney and his brother in order to establish that McCraney did in fact have knowledge of the victim's violent acts committed against third parties. Also, McCraney asserts that had certain witnesses been called, the evidence would have shown that the victim chose to join in the confrontation between McCraney and his girlfriend, instead of leaving through the back door as did other witnesses. McCraney feels this evidence would have made his self-defense claim more plausible. And McCraney also alleges that counsel failed to present evidence which in McCraney's opinion showed the victim was robbed after his death, thus indicating others at the crime scene had a motive to focus attention on McCraney in order to cover up their deeds.

To establish a claim of ineffective assistance of counsel, a defendant must first show that his attorney acted in a professionally unreasonable manner. Second, the defendant must show the attorney's unreasonable conduct prejudiced the defendant's case. *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291, 1294, citing *Strickland v. Washington* (1984), 466 US 668, 104 S.Ct. 2052, 70 L.Ed.2d 674. A defendant must also overcome, with strong and convincing evidence, the presumption that his counsel was competent. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, 1264; *Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1089. On appeal, the defendant must satisfy this Court that the evidence as a whole leads unmistakably and unerringly to the conclusion that defendant's trial counsel afforded ineffective assistance of counsel. *Joseph v. State* (1985), Ind., 483 N.E.2d 32, 33; *Lynk v. State* (1985), Ind.,

479 N.E.2d 551, 552. We conclude, as did the post-conviction court, that McCraney has not met his burden in this respect.

 Counsel's failure to call McCraney as a witness appears to have been a tactical decision given McCraney had several prior felony convictions. Further, it appears that McCraney is merely trying to cure a defect in his original appeal where we held that evidence of the victim's violent nature was not admissible because McCraney had no prior knowledge of such. *McCraney* at 592. McCraney's assertion that had he testified at trial, he would have stated his brother informed him of the victim's violent nature before the shooting occurred, is self-serving and appears to us to be an afterthought. McCraney's allegation that he requested counsel to subpoena his brother to elicit this testimony, but that his request "was not adhered to" is not substantiated by any other evidence. Concerning counsel's alleged failure in not calling other witnesses to show that the victim joined in the argument between McCraney and his girlfriend, we see this merely as a second attempt to prove the victim was the initial aggressor. We found otherwise in McCraney's original appeal. And finally, concerning the claim that counsel did not present evidence which McCraney claims would have shown the victim was robbed after his death is purely speculative. None of these claimed failures on the part of defense counsel amount to a showing of ineffective assistance of counsel. The post-conviction court properly ruled on this issue, and we find no error here.

## II

Next, McCraney claims the State suppressed evidence which tended to show the victim possessed a cane-knife, and exhibited the weapon prior to this murder. McCraney also claims the State suppressed evidence that the victim made boastful remarks that if he did not have his cane-knife with him, he had "something else." We find no merit in McCraney's allegations.

In McCraney's original appeal, we acknowledged that: "One witness testified she had seen the cane earlier that same day." *McCraney* at 591. Obviously, this evidence was not suppressed by the State, but was introduced at trial. McCraney's assertion that the State suppressed other evidence about statements the victim made, is not supported by the record other than McCraney's bald assertion at his post-conviction hearing. Without any support in the record, McCraney has failed to carry his burden on appeal. *See McKrill v. State* (1983), Ind., 452 N.E.2d 946, 950.

The trial court's denial of McCraney's petition is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.