Rodney H. PEAK, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 71A03–8710–CR–287.

Court of Appeals of Indiana,
Third District.

March 28, 1988.

Rehearing Denied May 9, 1988.

Anthony V. Luber, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Rodney H. Peak brings this appeal from his conviction of Class B Felony Attempt after a jury trial in St. Joseph County Superior Court. The State presented testimony at trial by June Dasher, who testified that on October 2, 1986, she observed three young men kicking at a back door at a house located at 225 Gladstone in South Bend. David Dant testified that he lived at 225 Gladstone and was called home from work on October 2, 1986 to find that his back door had been kicked in at the bottom and that muddy footprints were on the door. Randall Madison and George Erwin testified that on October 2, 1986, the two of them and Rodney Peak went to the house on 225 Gladstone, discussed breaking into the house and all three kicked at the back door in an unsuccessful attempt to break into the house.

Peak presents six issues for review:

(1) whether the trial court erred by reading to the jury State's Instruction No. 4 on inferring knowledge or intent from the facts and circumstances of the case;

(2) whether the trial court erred by reading to the jury State's Instruction No. 6 on accomplice testimony;

(3) whether the trial court erred by reading to the jury State's Instruction No. 7 on the presumption of innocence;

(4) whether the trial court erred in refusing to give Peak's Instructions Nos. 3 and 4 on included offenses;

(5) whether the trial court erred in refusing to give Peak's Instruction No. 7 that the jury is not compelled to draw inferences; and

(6) whether the verdict of the jury was supported by sufficient evidence.

Peak's first allegation of error is that the trial court erred by reading to the jury State's Instruction No. 4 on inferring knowledge or intent from the facts and circumstances of the case. State's Instruction No. 4 reads:

"Knowledge or intent may be inferred from the facts and circumstances presented in each case."

The purpose of an instruction is to inform the jury of the law applicable to the facts, so the jurors may comprehend the case accurately and arrive at a just, fair and correct verdict. *Taylor v. State* (1986), Ind., 495 N.E.2d 710, 713. The instruction of the jury is within the discretion of the trial court. *Denton v. State* (1986), Ind., 496 N.E.2d 576, 581.

Peak has failed to demonstrate that the trial court abused its discretion in reading State's Instruction No. 4 to the jury. State's Instruction No. 4 is a correct statement of the law and the Indiana Supreme Court has previously approved the use of a similar instruction which advised the jury of its nonmandatory use of inferential powers. *See, Bonds v. State* (1982), Ind., 436 N.E.2d 295, 300.

Peak's second allegation of error is that the trial court erred by reading to the jury State's Instruction No. 6 on accomplice testimony. State's Instruction No. 6 reads:

"An accomplice witness is one who testifies that he was involved in the commission of a crime with the defendant.

An accomplice is competent as a witness for the State or the defendant in the trial of a criminal cause. The testimony of an accomplice is to be received and weighed by the jury in the same manner and according to the same rules as the evidence of any other witness."

Peak has failed to demonstrate that this instruction is in error, as it is a correct statement of law and the Indiana Supreme Court has previously approved the giving of a similar instruction. *See, Johnson v. State* (1982), Ind., 442 N.E.2d 1065, 1069.

Peak's third allegation of error is that the trial court erred by reading to the jury State's Instruction No. 7 on the presumption of innocence:

" 'In clothing those charged with crime with the presumption of innocence, the law does not contemplate that thereby

the guilty should be shielded from merited punishment. Its object is to protect the innocent, so far as human agencies can, from the effects of unjust verdicts. The effect of this presumption is to withhold punishment from one charged with crime until all the facts necessary to constitute the offense charged have been proved to that degree of certainty fixed by law as being beyond reasonable doubt.'

'If a defendant is innocent, he should not be convicted erroneously, but if a defendant is guilty, he should not be acquitted erroneously.' "

Peak is again unable to demonstrate that the trial court abused its discretion by reading State's Instruction No. 7 to the jury. Not only has a similar instruction been approved by the Indiana Supreme Court, *see, Opfer v. State* (1985), Ind., 482 N.E.2d 706, 710, but the trial court also gave other instructions adequately stating the law on the presumption of innocence and the beyond a reasonable doubt standard.

■ Peak's fourth allegation of error is that the trial court erred in refusing to give Peak's Instructions Nos. 3 and 4 on included offenses, criminal trespass and criminal mischief. No error is found in the trial court's refusal to give these instructions: Since neither criminal trespass nor criminal mischief are inherently included offenses to Attempt here, *see, Anglin v. State* (1986), Ind., 490 N.E.2d 721, 723 and *Strosnider v. State* (1981), Ind.App., 422 N.E.2d 1325, 1330, the State through its drafting of the information could foreclose Peak's opportunity to seek conviction for the lesser offenses. *Jones v. State* (1982), Ind., 438 N.E.2d 972, 975. That foreclosure was accomplished in this case by the information which specifically charged only attempt to commit a burglary, and therefore no instructions on lesser included offenses, criminal trespass or criminal mischief were either necessary or proper.

■ Peak's fifth allegation of error is that the trial court erred in refusing to give Peak's Instruction No. 7 which stated that the jury is not compelled to draw inferences:

"While these instructions advise you that you may infer certain conclusions, you are not to understand from these instructions that you are compelled to do so."

In making the determination whether the refusal to give a tendered instruction is error, consideration must be given to whether the tendered instruction correctly states the law, whether there is evidence in the record which supports the tendered instruction and whether another instruction covered the substance of the tendered instruction. *Jackson v. State* (1986), Ind., 490 N.E.2d 1115, 1118. The substance of Peak's Instruction No. 7 was covered by the above-mentioned instruction dealing with the jury's nonmandatory function of employing inferential powers. The argument that it is necessary to counterbalance the instruction permitting the jury to infer with an instruction reminding the jury it is not compelled to infer was rejected by the Indiana Supreme Court in *Lottie v. State* (1980), 273 Ind. 529, 537, 406 N.E.2d 632, 638.

■ Peak's seventh and final allegation of error is that the jury's verdict was not supported by sufficient evidence. Peak specifically alleges that the testimony of Madison and Erwin was not credible and that the evidence was consistent with abandonment. The standard of review for Peak's claim is well settled: If the evidence is conflicting, only the evidence which tends to support the verdict will be considered on appeal, and if the verdict is supported by substantial evidence of probative value it will not be disturbed. *Atkinson v. State* (1986), Ind., 498 N.E.2d 389, 390. Peak's argument that the witnesses' testimony was contradictory about whether drinking was involved and footprints were wiped off and thus was not credible is unpersuasive, as it is beyond the province of this reviewing court to judge the credibility of witnesses. *Ballard v. State* (1984), Ind., 464 N.E.2d 328, 330. Peak's argument that the evidence was consistent only with abandonment is unfounded: the defense of abandonment is available only to the person who physically and mentally

abandons the enterprise and when that decision comes from within and is not due to extraneous factors. *Norton v. State* (1980), 273 Ind. 635, 668, 408 N.E.2d 514, 536. The evidence showed that Peak abandoned the attempt to break into the house only because he and his co-offenders were unable to break down the door and because a police officer was spotted. The verdict here was supported by sufficient evidence of probative value.

There being no finding of error, the trial court is in all things affirmed.

Affirmed.

GARRARD, P.J., and STATON, J., concur.