James SIMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1185S444.

Supreme Court of Indiana.

April 6, 1988.

Susan K. Carpenter, Public Defender, Indianapolis, Carolyn J. Fitch, Sp. Asst. to the Public Defender of Indiana, Ft. Lupton, Colo., for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Commission of a Felony (robbery)

While Armed, for which he received a ten (10) year sentence, Involuntary Manslaughter, and First Degree Murder, for which he received a life sentence. The trial court vacated the Involuntary Manslaughter charge. Upon direct appeal to this Court, his conviction and sentence for Felony Murder were affirmed and his conviction for armed robbery was vacated. *Sims v. State* (1977), 267 Ind. 215, 368 N.E.2d 1352.

Appellant now asserts that four errors occurred in the denial of his petition for post-conviction relief. Appellant believes he has been convicted of the wrong crime. He asserts that the facts in his case justify a finding of involuntary manslaughter as defined in Ind.Code § 35–13–4–2 (repealed), and not felony murder. Therefore, the trial court should not have vacated his involuntary manslaughter charge but should have dismissed the felony murder charge instead.

■ The purpose of the post-conviction relief process is for raising issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time. Appellant did not pursue this argument on direct appeal, though it was available to him at that time. Therefore, this issue has been waived for post-conviction review. *Kimble v. State* (1983), Ind., 451 N.E.2d 302.

■ Further, we held in *Holland v. State* (1976), 265 Ind. 216, 352 N.E.2d 752 that when a defendant is sentenced on both a murder and felony murder charge when only one homicide occurred, the trial court should impose a sentence on the greater offense only. Therefore, we find the trial court did not err in vacating appellant's involuntary manslaughter charge.

Appellant argues that the application of the felony murder rule stated in Ind.Code § 35–13–4–1 and the accessory rule of Ind. Code § 35–41–2–4 was unconstitutional in his case and amounted to fundamental error.

■ Appellant asserts that as the driver of the getaway car, he neither knew or expected that his accomplice would shoot the victim. Because he was convicted of felony murder without any proof of his *mens rea* or *actus reus*, he contends his convictions violate his constitutional rights. He believes his life sentence is manifestly excessive because of his relatively minor role in the robbery and killing and because his sentence is substantially greater than the plea bargain agreement offered to him which he refused and his confederate accepted.

Again, this issue was known to appellant upon direct appeal but not asserted by him. Therefore, this issue was waived. *Kimble, supra.*

■ Appellant has not alleged reversible error even if the issue were not waived. Upon the same complaint about the felony murder statute, this Court has held that the intent to kill is not an element of felony murder, and the only intent required to be proven is the intent to commit the underlying felony. *Brown v. State* (1983), Ind., 448 N.E.2d 10.

Further, the acts of one accomplice are imputed to the others. It is not necessary for an accused to know of each separate action of a confederate which resulted in the offense. *Tessely v. State* (1978), 267 Ind. 445, 370 N.E.2d 907. Appellant was offered a plea bargain agreement and unlike his accomplice, he turned it down. When one defendant proceeds to trial and his accomplice pleads guilty, their sentences need not be identical. *McDonald v. State* (1982), Ind., 439 N.E.2d 588.

Considering the above-stated authority, we cannot agree with appellant that his role in the offense and the plea bargain he refused should be considered in determining whether his sentence is manifestly unreasonable.

Appellant believes the trial court committed reversible error in granting the State's oral motion for continuance. Appellant's first trial date was April 14, 1976. On April 13, 1976, appellant's motion for continuance was granted and his trial was reset for August 4, 1976. The granting of the State's oral motion for continuance delayed the trial until August 9, 1976, at

which time one of the victims returned from vacation and was available to testify.

Appellant argued on direct appeal that the trial court erred in granting the State's oral motion for continuance because the State failed to submit a written motion pursuant to Ind.Code § 35–1–26–2 (repealed). We held the statute required a written motion for continuance only when so requested by the defendant. Because the record disclosed no such request, appellant's argument was without merit. *Sims, supra* 368 N.E.2d at 1355.

Appellant now asserts that he did in fact request that the State submit a written motion for continuance, but due to his appellate counsel's inadequacy, a transcript of the hearing on that motion was not placed in the record for our review on direct appeal. The record shows the State's motion for continuance was taken under advisement and the hearing continued two days later. Though no transcript was included in the record which contains appellant's request for a written motion, he has included for our review a transcript of the second half of the hearing. The transcript shows that defense counsel was awaiting the State's written motion for continuance, but the State did not submit one and their oral motion for continuance was granted.

During the post-conviction relief hearing, appellant's trial counsel testified that after the State made its oral motion for continuance, he did request the continuance be reduced to writing.

■ The ruling on a motion for continuance falls within the discretion of the trial court when a statute has not been complied with or does not otherwise control the matter. *Hoy v. State* (1983), Ind.App., 448 N.E.2d 31. In order to demonstrate an abuse of discretion, the record must reveal that appellant was prejudiced. *Schalkle v. State* (1979), 272 Ind. 134, 396 N.E.2d 384. In appellant's case, the State established that the purpose of the continuance was to enable a crucial witness to testify. We find the trial court did not abuse its discretion in granting the motion.

Appellant claims he was prejudiced by the delay because the extra time allowed the State to arrange a deal with his accomplice. His defense counsel stated at the post-conviction relief hearing that appellant's accomplice decided to accept the plea bargain and testify against him when, during the trial, the witness was able to identify him as a perpetrator of the crime. Because it was proper for the witness to be present at trial, we fail to see how appellant was prejudiced by the continuance. We do not believe that, but for the continuance, appellant's accomplice would not have accepted the plea bargain.

Appellant argues that he was denied effective assistance of appellate counsel. He believes that his appellate counsel's failure to include the transcript of the motion for continuance in the record for review on direct appeal amounts to ineffective assistance. Appellant also cites a section of his post-conviction relief hearing in which his mother testified about a conversation she had with his appellate counsel. She testified that his appellate counsel called her and told her he was sorry that he was rushed and "did not do the appeal good," and she did not have to pay the balance of $250.

On direct appeal, this Court on its own motion vacated appellant's armed robbery sentence because it had merged into the felony murder conviction. Appellant believes that considering his appellate counsel's failure to raise this issue and to complain of his excessive sentence, along with the above-mentioned errors, he was not afforded effective assistance of counsel.

■ Ineffectiveness of counsel revolves around the particular facts of each case. *Williams v. State* (1987), Ind., 508 N.E.2d 1264. To establish a claim of ineffective assistance of counsel, appellant must show that his attorney acted in a professionally unreasonable manner and that he was prejudiced by his attorney's unreasonable acts. *McCraney v. State* (1987), Ind., 508 N.E.2d 798. Appellant must also overcome, with strong and convincing evidence, the presumption of his counsel's competency. Appellant must show this Court that the evi-

dence as a whole leads unmistakably and unerringly to the conclusion that his counsel afforded ineffective assistance. *Id.*

As we noted above, the trial court did not abuse its discretion in granting the State's oral motion for continuance. Therefore, appellate counsel's failure to include the transcript of the hearing on that motion was not prejudicial to appellant's case.

Similarly, his appellate counsel's failure to allege error concerning his sentence was not prejudicial because it was corrected upon direct appeal.

The only evidence of appellate counsel's admission of inadequacy comes from appellant's mother. Upon hearing her testimony, the post-conviction court concluded that the failure of appellate counsel to brief every possible aspect of the trial and pre-trial matters did not constitute ineffective assistance of counsel and the proceedings were in no way rendered a "sham" or "mockery of justice."

Unlike *Williams, supra,* in which counsel was found to be ineffective, no specific examples of performance failure have been supplied by appellant which lead unmistakably and unerringly to the conclusion that his appellate counsel was ineffective.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.