John P. SMITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 04A05–0401–CR–29.

Court of Appeals of Indiana.

June 14, 2004.

Transfer Denied Aug. 26, 2004.

Michael B. Troemel, Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

John P. Smith appeals his convictions for conspiracy to commit dealing in methamphetamine as a class B felony,[1] obstruction of justice as a class D felony,[2] and resisting law enforcement with a vehicle as a class D felony.[3] Smith raises one issue, which we restate as whether the evidence is sufficient to sustain his convictions. We affirm.

The facts most favorable to the convictions follow. On March 12, 2003, at approximately 2:15 a.m., Tiffany Lile, her boyfriend, Anthony Chandler, and Smith were at the house of Chandler's mother in Hoopeston, Illinois. Lile was trying to find some anhydrous ammonia so she could make methamphetamine, and she told Chandler that she was going to get the anhydrous ammonia from Smith, who had been doing electrical work at the house. Lile packed the back seat of her car with ingredients and equipment to make methamphetamine, including two bags of pseudoephedrine pills crushed into a white powder, cans of camp fuel, jars of lithium strips soaking in camp fuel, a cooler, and some other jars. Then Lile, Chandler, and Smith drove away in her car with Lile driving, Chandler in the front passenger seat, and Smith in the backseat on the driver's side.

Approximately one block from the house, Hoopeston Police Officer Ephriam Bolin saw Lile's car, noticed that the car did not have a registration, and activated his emergency lights to pull over the car. Lile did not stop the car, and Officer Bolin activated his spotlight. Lile sped away at speeds up to 100 miles per hour, and Officer Bolin activated his siren and pursued Lile's car with the help of his back-up officer, Officer Jeremy Welch. During the pursuit, Smith took the license plate out of the car's rear window so that the police could not identify Lile's car.

Lile drove over the Illinois border into Indiana and eventually ended up on a county road in Benton County, Indiana.

1. Ind.Code §§ 35–48–4–1(a)(2)(A) (Supp. 2003), 35–41–5–2 (1998).

2. Ind.Code § 35–44–3–4(a)(3) (1998).

3. Ind.Code § 35–44–3–3(a)(2), (b)(1)(A) (1998). Smith also pleaded guilty to being an habitual substance offender, Ind.Code § 35–50–2–10 (Supp.2003), and does not challenge this finding on appeal. In addition, the jury found Smith guilty of possession of metham-phetamine precursors with intent to manufacture methamphetamine as a class D felony, Ind.Code § 35–48–4–14.5(c) (Supp.2003), conspiracy to possess methamphetamine with intent to manufacture methamphetamine as a class D felony, Ind.Code §§ 35–48–4–14.5(c), 35–41–5–2, and assisting a criminal as a class D felony, Ind.Code § 35–44–3–2(1) (1998); however, the trial court did not enter judgment of conviction on these charges.

Lile told Chandler and Smith to throw everything out of the car. Smith handed Chandler two baggies of crushed pseudoephedrine and a jar of lithium strips soaking in camp fuel from the backseat, and Chandler threw them out the window "[s]o they couldn't be used as evidence." Appellant's Appendix at 216–219, 221 228. Lile eventually drove her car into a field, Chandler ran into the field, and Officers Bolin and Welch arrested Lile and Smith. The police later found and arrested Chandler. When the police searched the car, they saw white powder on the front seat and floor of the car. On the backseat, they saw a canister of camp fuel, a jar of lithium strips soaking in camp fuel a cooler, and items frequently used to obtain and transport anhydrous ammonia, including glass jars with lids that had a hole in them, a cooler, pipe cutters, and pliers. Outside of the car, the officers found baggies with white powder, small pieces of white material consistent with oxidized lithium strips near a glass jar, and a coffee filter.

The State charged Smith with: (1) conspiracy to commit dealing in methamphetamine as a class B felony; (2) possession of methamphetamine precursors with intent to manufacture methamphetamine as a class D felony; (3) conspiracy to possess methamphetamine with intent to manufacture methamphetamine as a class D felony; (4) obstruction of justice as a class D felony; (5) assisting a criminal as a class D felony; (6) resisting law enforcement with a vehicle as a class D felony; and (7) being an habitual substance offender. A jury found Smith guilty on charges one through six but could not reach a verdict on the habitual substance offender charge. Smith pleaded guilty to being an habitual substance offender in exchange for a one-year suspended sentence on that charge. The trial court entered judgment of conviction on the conspiracy to commit dealing in methamphetamine, obstruction of justice,

and resisting law enforcement with a vehicle convictions and the habitual substance offender finding. The trial court then sentenced Smith to an aggregate, executed term of eight years in the Indiana Department of Correction, with three years probation.

■ The sole issue is whether the evidence is sufficient to sustain Smith's convictions for conspiracy to commit dealing in methamphetamine as a class B felony, obstruction of justice as a class D felony, and resisting law enforcement with a vehicle as a class D felony. When reviewing a claim of insufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002), *cert. denied*, 537 U.S. 1004, 123 S.Ct. 493, 154 L.Ed.2d 402 (2002). Rather, we consider "the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.* Moreover, the uncorroborated testimony of one witness, including an accomplice, may be sufficient by itself to sustain a conviction on appeal. *Toney v. State*, 715 N.E.2d 367, 369 (Ind.1999); *Taylor v. State*, 425 N.E.2d 141, 143 (Ind.1981).

A.

■ First, we review whether the evidence is sufficient to sustain Smith's conviction for conspiracy to commit dealing in methamphetamine as a class B felony. The offense of conspiracy to commit dealing in methamphetamine is governed by Ind.Code § 35–41–5–2 and Ind.Code § 35–48–4–1. Ind.Code § 35–41–5–2 provides that "[a] person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to

commit the felony[,]" and "either the person or the person with whom he agreed performs an overt act in furtherance of the agreement." Ind.Code § 35–48–4–1, provides that a person who possesses with the intent to manufacture methamphetamine commits dealing methamphetamine as a class B felony. Thus, to convict Smith of conspiracy to commit dealing in methamphetamine, the State needed to prove that Smith: (1) with intent to commit dealing in methamphetamine; (2) agreed with Lile or Chandler to commit the felony; and (3) an overt act was performed by Smith or Lile or Chandler in furtherance of that agreement.

Smith argues that the evidence is insufficient to support his conviction for conspiracy to commit dealing in methamphetamine because of a lack of venue. Specifically, Smith cites to the statute pertaining to venue for the prosecution of a conspiracy charge, Ind.Code § 35–32–2–4(b) (1998), and argues that the evidence of venue was insufficient to support his conviction for conspiracy to commit dealing in methamphetamine because Smith made the agreement with Lile in Illinois and because no act was committed in furtherance of the conspiracy in Indiana.

 The right to be tried in the county in which an offense was committed is a constitutional and a statutory right. *Baugh v. State*, 801 N.E.2d 629, 631 (Ind. 2004); Ind. Const. Art. I, § 13; Ind.Code § 35–32–2–1(a) (1998). Venue is not an element of the offense. *Baugh*, 801 N.E.2d at 631. Accordingly, although the State is required to prove venue, it may be established by a preponderance of the evidence and need not be proven beyond a reasonable doubt. *Id.* However, a defendant waives an alleged error relating to venue when he fails to make an objection before the trial court. *Floyd v. State*, 503 N.E.2d 390, 393 (Ind.1987), *reh'g denied;*

*Critchlow v. State*, 264 Ind. 458, 346 N.E.2d 591, 597 (Ind.1976).

 Here, Smith made no objection to being tried in Indiana prior to or during his trial. Smith moved for directed verdict and questioned the sufficiency of the evidence regarding the conspiracy to commit dealing in methamphetamine charge, but he did not raise an objection concerning venue. Therefore, Smith has waived review of this argument on appeal. *See Floyd*, 503 N.E.2d at 393; *Critchlow*, 346 N.E.2d at 597.

Waiver notwithstanding, the evidence is sufficient to show that venue was proper in Benton County, Indiana because an overt act in furtherance of the crime occurred in Benton County. Ind.Code § 35–32–2–4(b) provides:

In a prosecution for conspiracy to commit a felony, any or all offenders may be tried in the county in which:

(1) the agreement was made; or

(2) any overt act in furtherance of the agreement is performed.

In the charging information, the State alleged that the overt act in furtherance of the crime was the possession of two or more chemical reagents or precursors to manufacture methamphetamine. "Chemical reagents or precursors" are defined as including "pseudoephedrine" and "lithium metal." Ind.Code § 35–48–4–14.5(2) & (8).

 Here, the evidence shows that the car in which Smith was a backseat passenger contained pseudoephedrine and lithium while in Benton County, Indiana. As Lile was speeding away from police and crossed into Benton County, Smith handed Chandler two baggies of crushed pseudoephedrine and a jar of lithium strips soaking in camp fuel from the backseat, and Chandler threw them out the window. The police observed that the backseat of the car, where Smith had been riding as a

passenger, contained a jar of lithium strips soaking in camp fuel as well as items frequently used to obtain and transport anhydrous ammonia, including glass jars with lids that had a hole in them, a cooler, pipe cutters, and pliers. Moreover, during the police chase, Chandler, with Smith's assistance, threw items from the car, and these items included baggies of pseudoephedrine and small pieces of white material consistent with oxidized lithium strips. Thus, the overt act of possessing two chemical reagents or precursors in furtherance of the conspiracy occurred in Benton County, Indiana. Accordingly, we cannot say that venue for the conspiracy to commit dealing in methamphetamine charge in Benton County was improper, and we conclude that probative evidence exists to support Smith's conviction for conspiracy to commit dealing in methamphetamine. *See, e.g., Chavez v. State,* 722 N.E.2d 885, 895 (Ind.Ct.App.2000) (finding evidence of venue was sufficient to prove that an act in furtherance of the crime took place in the prosecuting county as alleged in the charging information), *reh'g denied.*[4]

### B.

■ Next, we review whether the evidence is sufficient to sustain Smith's conviction for obstruction of justice as a class D felony. The offense of obstruction of justice is governed by Ind.Code § 35–44–

3–4, which provides that a person who "alters, damages, or removes any record, document, or thing, with intent to prevent it from being produced or used as evidence in any official proceeding or investigation" commits obstruction of justice as a class D felony.

Smith argues that the evidence is insufficient to support his conviction for obstruction of justice because he "had no participation in disposing of any [methamphetamine] precursors" and was merely "at the wrong place at the wrong time." Appellant's Brief at 9. Chandler testified that after Lile told Chandler and Smith to throw everything out of the car, Smith handed Chandler two baggies of crushed pseudoephedrine and a jar of lithium strips soaking in camp fuel from the backseat, and Chandler threw them out the window "[s]o they couldn't be used as evidence." Appellant's Appendix at 216–219, 228. Smith's argument to the contrary amounts to nothing more than an invitation to reweigh the evidence and the credibility of witnesses, which we cannot do. *Stewart,* 768 N.E.2d at 435. Chandler's uncorroborated testimony is sufficient to prove that Smith helped to remove the methamphetamine precursors from the car with the intent to prevent them from being produced or used as evidence in an official proceeding or investigation. *See, e.g., Toney,* 715 N.E.2d at 369 (holding that un-

---

**4.** In response to Smith's argument that "venue" was improper, the State argues that "jurisdiction" was proper. Venue and jurisdiction are not the same. *Benham v. State,* 637 N.E.2d 133, 137 (Ind.1994). The venue statutes and rules do not confer jurisdiction but rather prescribe the location at which trial proceedings are to occur from among the courts empowered to exercise jurisdiction. *Id.* The authority of the State of Indiana to institute criminal prosecutions is determined by the jurisdictional statute, Ind.Code § 35–41–1–1. *Id.* Under Ind.Code § 35–41–1–1(b)(3), "[a] person may be convicted under

Indiana law of an offense if … conduct occurring outside Indiana is sufficient under Indiana law to constitute a conspiracy to commit an offense in Indiana, and an overt act in furtherance of the conspiracy occurs in Indiana[.]" Because we conclude that an act in furtherance of the conspiracy, namely the possession of two chemical reagents or precursors, occurred in Benton County, we also conclude that trial court had territorial jurisdiction. *See, e.g., McKinney v. State,* 553 N.E.2d 860, 862 (Ind.Ct.App. 1990) (discussing territorial jurisdiction and venue), *trans. denied.*

corroborated testimony of one witness is sufficient by itself to sustain a conviction). Accordingly, we conclude that probative evidence exists to support Smith's conviction for obstruction of justice. *See, e.g., Mullins v. State,* 717 N.E.2d 902, 904 (Ind. Ct.App.1999) (finding evidence sufficient to support obstruction of justice conviction).

### C.

■ Finally, we review whether the evidence is sufficient to sustain Smith's conviction for resisting law enforcement with a vehicle as a class D felony. The offense of resisting law enforcement with a vehicle is governed by Ind.Code § 35–44–3–3, which provides that:

(a) A person who knowingly or intentionally:

\* \* \* \* \*

(3) flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop;

commits resisting law enforcement, a Class A misdemeanor, except as provided in subsection (b).

(b) The offense under subsection (a) is a:

(1) Class D felony if:

(A) the offense is described in subsection (a)(3) and the person uses a vehicle to commit the offense[.]

Smith argues that the evidence is insufficient to support his conviction for resisting law enforcement with a vehicle because he was a passenger and had no control over Lile's car. We disagree.

■ "Where two people act in concert to commit a crime, each may be charged as a principal in all acts committed by the accomplice in the accomplishment of the crime." *Floyd,* 503 N.E.2d at 392. "[I]t is not necessary that the State prove the defendant personally committed every act constituting the perpetration of an offense" because "one who aids another to commit a criminal offense can be charged with that offense and tried and convicted as a principal." *Bean v. State,* 460 N.E.2d 936, 942 (Ind.1984). A person who aids another person to commit a crime is as guilty of the principal offense as the actual perpetrator. *Farris v. State,* 753 N.E.2d 641, 648 (Ind.2001). In determining whether a person aided another in the commission of a crime, we consider the following four factors: (1) presence at the scene of the crime; (2) companionship with another engaged in criminal activity; (3) failure to oppose the crime; and (4) a defendant's conduct before, during, and after the occurrence of the crime. *Garland v. State,* 788 N.E.2d 425, 431 (Ind.2003). While a defendant's mere presence at the crime scene, or lack of opposition to a crime, standing alone, is insufficient to establish accomplice liability, they may be considered along with the other factors to determine participation. *Whedon v. State,* 765 N.E.2d 1276, 1277–1278 (Ind.2002).

We find *Jones v. State,* 536 N.E.2d 267 (Ind.1989), *reh'g denied* instructive. In *Jones,* the defendant, who was a backseat passenger in a car that fled from police and who told the driver not to stop, was charged with and convicted of resisting law enforcement. *Id.* at 270. On appeal, the defendant argued that the evidence did not support his conviction for resisting law enforcement because he had no control over the fleeing vehicle. *Id.* at 271. Our supreme court disagreed and held that the evidence was sufficient to support the defendant's conviction for resisting law enforcement because the acts of the defendant's accomplices in furtherance of the crimes were imputed to him and because of the defendant's own act of participation

by telling the driver not to stop while fleeing. *Id.*

Here, Smith, who had been doing electrical work at the home of Chandler's mother, agreed to help Lile get anhydrous ammonia so that Lile could make methamphetamine. Around 2:15 a.m., after Lile had loaded her car with ingredients and equipment to make methamphetamine, Smith got into the backseat of Lile's car, and he left with Chandler and Lile to get the anhydrous ammonia. Although Smith was in the backseat, the evidence shows that when the police activated the emergency lights and siren and Lile sped away, Smith took the license plate out of the car's rear window so that the police could not identify Lile's car. Furthermore, Smith did not tell Lile to slow down or stop fleeing from the police. As they were fleeing from the police, Smith handed methamphetamine ingredients to Chandler, and Chandler threw them out of the car window.

Like the defendant in *Jones,* the acts of Smith's accomplices in fleeing from the police will be imputed to him. *Jones,* 536 N.E.2d at 271. Furthermore, Smith's act of taking the license plate out of the window in an attempt to prevent the police from identifying them shows his participation in the fleeing. Considering the four factors in determining accomplice liability and the evidence that the State presented against Smith, we conclude that probative evidence exists to support Smith's conviction for resisting law enforcement with a vehicle. *See, e.g., id.* (holding that the evidence was sufficient to support the defendant's conviction for resisting law enforcement where the defendant was a passenger in the vehicle that fled from police).

For the foregoing reasons, we affirm Smith's convictions for conspiracy to commit dealing in methamphetamine as a class B felony, obstruction of justice as a class D felony, and resisting law enforcement with a vehicle as a class D felony.

Affirmed.

ROBB, J. and RILEY, J. concur.