**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Aug 21 2012, 9:15 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANDREW B. ARNETT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL TIMOTHY DEAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1112-CR-624 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SHELBY CIRCUIT COURT
The Honorable Charles D. O'Connor, Jr., Judge
Cause No. 73C01-1009-FC-45

**August 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Michael Timothy Dean was arrested for public intoxication and placed in a holding cell at the Shelby County lock-up. When the officer on duty saw him chewing on something and asked what it was, Dean pulled a baggie out of his mouth and unsuccessfully tried to flush it down the holding-cell toilet. The baggie contained a brown substance later determined to be marijuana. Dean was convicted of multiple offenses, one of which was attempted obstruction of justice.

Dean now appeals, challenging the sufficiency of evidence to support his conviction for attempted obstruction of justice. We affirm.

**Facts and Procedural History**

The facts most favorable to the verdict are as follows. In the middle of a September afternoon in 2010, Shelbyville Police Officer Travis Conway was on patrol and saw Dean jump a fence and do a somersault. When Dean saw Officer Conway, he raised his hands in the air, and when the officer exited his vehicle and approached him, Dean admitted that he had been drinking. When Dean failed the portable breathalyzer test, Officer Conway arrested him for public intoxication and conducted a patdown search incident to the arrest. The search produced no contraband, and Dean stated that he had no weapons or drugs in his possession.

When Dean arrived at the county lock-up, he was briefly patted down again and placed in the drunk-tank holding cell. Shortly thereafter, Dean began yelling and disturbing the women in a nearby cell. Correctional Officer Serena Baker repeatedly approached his

cell and ordered him to be quiet. She observed him chewing on something and asked him what it was. He said, "Oh hell no, you're not gonna stick this one on me, this is an outside charge." Tr. at 98. He then pulled a plastic baggie out of his mouth. The baggie contained a brown substance. When Officer Baker ordered him to bring her the baggie, he tossed it into the toilet and repeatedly tried to flush it. When the toilet would not flush, Officer Baker ordered Dean to the back of the cell and called for back-up. Officers found the baggie floating in the toilet and noted that its brown contents smelled like marijuana. Subsequent chemical testing verified the contents as marijuana.

The State charged Dean with class C felony trafficking with an inmate, class A misdemeanor marijuana possession, and class B misdemeanor public intoxication. Dean pled guilty to the public intoxication and marijuana charges, admitting that he brought the marijuana into the jail and that he tried to flush it when Officer Baker saw him chewing on it. The State filed an amended information, adding one count of class D felony attempted obstruction of justice, one count of class D felony obstruction of justice, and a habitual offender allegation. A jury found him not guilty of obstruction of justice, guilty of attempted obstruction of justice, and guilty of trafficking with an inmate as a class A misdemeanor. Dean subsequently pled guilty to the habitual offender count and was sentenced to an aggregate seven-year term.

He now appeals his conviction for attempted obstruction of justice.[1] Additional facts will be provided as necessary.

**Discussion and Decision**

Dean challenges the sufficiency of evidence to support his conviction for attempted obstruction of justice. When reviewing an insufficiency of evidence claim, we neither reweigh evidence nor judge witness credibility. *Roush v. State*, 875 N.E.2d 801, 809 (Ind. Ct. App. 2007). Rather, we consider the evidence and reasonable inferences most favorable to the verdict to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Id*. at 809-10. If there is substantial evidence of probative value to support the conviction, we will affirm. *Id*. at 810. The uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction. *Smith v. State*, 809 N.E.2d 938, 941 (Ind. Ct. App. 2004), *trans. denied*.

Dean was convicted of attempted obstruction of justice. Indiana Code Section 35-44-3-4(a)(3) states, "A person who … alters, damages, or removes any record, document, or thing, with intent to prevent it from being produced or used as evidence in any official proceeding or investigation … commits obstruction of justice, a class D felony." An "attempt" occurs when a person, "acting with the culpability required for commission of the crime … engages in conduct that constitutes a substantial step toward commission of the crime." Ind. Code § 35-41-5-1(a).

---

[1] To the extent Dean claims that he is also appealing his conviction for obstruction of justice, we note that the jury found him not guilty of that offense. As such, the issue is moot.

Here, Officer Baker testified that she saw Dean chewing on something. When she asked him about it, she saw him take from his mouth a baggie containing a brown substance. When she ordered him to give her the baggie, he refused and then tried to flush it down the toilet in his cell. His repeated attempts to flush the toilet constitute probative evidence of a substantial step toward destroying the baggie and its contents. Because the baggie contained marijuana, flushing it down the toilet would have destroyed the contraband and thereby prevented it from being produced as evidence in a trial for possession of marijuana. Moreover, Dean's persistent attempts to flush the toilet, along with his statements to Officer Baker, i.e., "Oh no" and "Oh hell no, you're not gonna stick this one on me, this is an outside charge," indicate his intent to avoid seizure of the contraband by flushing it away. Tr. at 98-99.

In support of his insufficiency argument, Dean cites alleged deficiencies in Officer Baker's report as well as her status as the State's sole witness concerning the acts allegedly constituting the offense of attempted obstruction of justice. In his brief, he specifically and repeatedly invites us to reassess Officer Baker's credibility. We reiterate that we can neither reweigh evidence nor assess witness credibility on review, and we decline Dean's invitation to do so. *Roush*, 875 N.E.2d at 809. Based on the foregoing, we find the evidence sufficient to sustain Dean's conviction for attempted obstruction of justice. Accordingly, we affirm.

Affirmed.

RILEY, J., and BAILEY, J., concur.

5