Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**BROOKE N. RUSSELL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM HODAPP, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 07A01-1307-CR-342 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BROWN CIRCUIT COURT
The Honorable Judith A. Stewart, Judge
Cause No. 07C01-1103-FB-78

**July 29, 2014**

**MEMORANDUM DECISION ON REHEARING – NOT FOR PUBLICATION**

**MATHIAS, Judge**

William Hodapp, Jr. ("Hodapp") has filed a Petition for Rehearing of our memorandum decision affirming his convictions for three counts of Class B felony incest, one count of Class C felony incest, one count of Class D felony possession of child pornography, and one count of Class A misdemeanor battery. In his Petition, Hodapp correctly observes that we did not specifically address his claim that the evidence was insufficient to support his conviction for Count I, Class B felony incest. Accordingly, we grant Hodapp's Petition to address this issue, but affirm Hodapp's convictions.

Hodapp claims that the evidence was insufficient to support his conviction for Count I, Class B felony incest, which alleged that Hodapp engaged in deviate sexual conduct with the victim in this case, C.H., by placing his fingers in C.H.'s vagina. "Deviate sexual conduct" is defined by statute as "an act involving: (l) A sex organ of one person and the mouth or anus of another person; or (2) The penetration of the sex organ or anus of a person by an object." Ind. Code § 35-31.5-2-94. A finger may be considered an object under the statute. Simmons v. State, 746 N.E.2d 81, 86 (Ind. Ct. App. 2001).

Thus, evidence that Hodapp penetrated C.H.'s vagina with his fingers is sufficient to support a conviction for incest by means of deviate sexual conduct. See id. This Hodapp does not dispute. Instead, he claims that the State failed to prove that he engaged in sexual deviate conduct with C.H. when she was under the age of sixteen, which is an element of incest as a Class B felony. See Ind. Code § 35-46-1-3(a). We disagree.

As noted by the State, there was evidence that Hodapp committed numerous acts of deviate sexual conduct during the period when C.H. was still under the age of sixteen.

2

Specifically, she testified that, beginning in the winter of 2008, when she was still fourteen years old,[1] Hodapp began to make her manipulate his penis and "touch her." Tr. pp. 238-39. C.H. also testified that the sexual touching went on for "months" and occurred as often as every two weeks. Id. at 239. And she explained that Hodapp placed his fingers in her vagina "multiple times." Id. at 258. From this, the jury could reasonably conclude that Hodapp placed his fingers in C.H.'s vagina when she was still under the age of sixteen.

Hodapp also claims that the evidence was insufficient to establish that the deviate sexual conduct occurred in Brown County. Although the right to be tried in the county in which an offense was committed is a constitutional and a statutory right, venue is not an element of the offense. Smith v. State, 809 N.E.2d 938, 942 (Ind. Ct. App. 2004), trans. denied. "Accordingly, although the State is required to prove venue, it may be established by a preponderance of the evidence and need not be proven beyond a reasonable doubt." Id. But a defendant waives an alleged error relating to venue when he fails to make an objection before the trial court. Id. Here, Hodapp does not refer us to any portion of the record wherein he objected at trial on the basis of venue. Accordingly, this issue was waived.[2] See id.

---

[1] C.H. turned sixteen years old in March 2010.

[2] Waiver notwithstanding, C.H. testified that the sexual intercourse occurred in Brown County and that Hodapp used a sex toy on her in the living room of his home, which was in Brown County. Thus, the jury could reasonably find by a preponderance of the evidence that the sexual deviate conduct also occurred in Brown County.

Thus, the State presented evidence sufficient to support Hodapp's conviction for Count I, Class B felony incest based on his acts of deviate sexual conduct with C.H., and we affirm his conviction on this count.

FRIEDLANDER, J., and PYLE, J., concur.