## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 26 2016, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Laura Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Malena Shumaker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 26, 2016

Court of Appeals Case No.
77A05-1603-CR-468

Appeal from the Sullivan Superior Court.
The Honorable Hugh R. Hunt, Judge.
Cause No. 77D01-1512-CM-830

**Darden, Senior Judge**

# Statement of the Case

Malena Shumaker appeals her conviction of theft, a Class A misdemeanor.[1] We affirm.

# Issue

Shumaker presents one issue, which we restate as: whether there is sufficient evidence to sustain her conviction for theft as an accomplice.

# Facts and Procedural History

On December 1, 2015, Shumaker, her boyfriend Michael Myers, and Stephen Boatman stopped at a convenience store in Sullivan, Indiana, to get gasoline for their car. Shumaker and Myers entered the store while Boatman stayed with the car.

A surveillance camera recorded Shumaker's actions in the store but did not record any audio. Shumaker waited until another customer had finished his transaction with the clerk before approaching the counter. Myers momentarily stepped away from Shumaker and out of the camera's view. Shumaker tried to exchange a $25 gift card for cash, but the clerk refused.

Next, Myers walked up to the counter and stood next to Shumaker, near the cash register. A small red Salvation Army donation bucket sat on the counter

---

[1] Ind. Code § 35-43-4-2 (2014).

in front of the cash register, out of the clerk's sight. As Shumaker and the clerk were talking, Myers looked down at the bucket, put his hand on it, and furtively slid it back and forth on the counter until it was close to where he was standing.

[6] When the clerk turned around to get cigarettes for Shumaker, Shumaker turned to Myers, made eye contact, and said something to him. At that point, Myers slipped the bucket into his jacket and turned to walk out of the store. As Myers was leaving the store, Shumaker leaned over and onto the counter and was talking to the clerk, whose back was to Shumaker, as she appeared to retrieve another item for Shumaker. Shumaker paid for the cigarettes and purchased $5 worth of gasoline, and then she left the store. The three drove away after Boatman put gasoline in the car.

[7] Later, the clerk discovered the donation bucket was missing and called the police. An investigation led to Myers and Shumaker. The State charged Shumaker with theft. The case was tried to the bench, and the trial court determined Shumaker was guilty. The court imposed a sentence, and this appeal followed.

# Discussion and Decision

[8] Rarely do we have an opportunity to see evidence from the same perspective as the finder of fact, but in this case the primary piece of evidence is State's Exhibit 1, the surveillance recording. Nevertheless, we cannot observe the demeanor of the parties' witnesses, which is extremely important, and we must be hesitant to overlook the finder of fact's role, therein, in doing so. As a result, when an

appellant challenges the sufficiency of the evidence to sustain a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses. *Wright v. State*, 828 N.E.2d 904, 905-06 (Ind. 2005). We consider conflicting evidence in the light most favorable to the judgment. *Id.* at 906. We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable finder of fact to find the defendant guilty beyond a reasonable doubt. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005).

[9] Shumaker argues the State failed to provide sufficient evidence to establish that she was an active participant in the theft of the donation bucket. To obtain a conviction for theft, the State was required to prove beyond a reasonable doubt, that: (1) Shumaker (2) knowingly or intentionally (3) exerted unauthorized control over property of another person (4) with intent to deprive the other person of any part of its value. Ind. Code § 35-43-4-2. Myers testified at trial and admitted to stealing the bucket, claiming that Shumaker had nothing to do with the crime. The State countered by arguing that Shumaker was guilty of theft as Myers' accomplice. As stated by the governing statute: "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." Ind. Code § 35-41-2-4 (1977).

[10] In order to sustain a conviction as an accomplice, there must be evidence of the defendant's affirmative conduct, either in the form of acts or words, from which an inference of common design or purpose to effect the commission of a crime may reasonably be drawn. *Vandivier v. State*, 822 N.E.2d 1047, 1054 (Ind. Ct. App. 2005), *trans. denied*. An accomplice need not participate in each and every

element of the crime in order to be convicted of it. *Berry v. State*, 819 N.E.2d 443, 450 (Ind. Ct. App. 2004), *trans. denied*. Furthermore, it is not necessary for the State to show a defendant was party to a preconceived scheme, such as a conspiracy; it must merely demonstrate concerted action or participation in an illegal act. *Id.*

[11] In determining whether a person aided another in the commission of a crime, we consider: (1) presence at the scene of the crime; (2) companionship with another engaged in criminal activity; (3) failure to oppose the crime; and (4) a defendant's conduct before, during, and after the occurrence of the crime. *Garland v. State*, 788 N.E.2d 425, 431 (Ind. 2003). A defendant's mere presence during the commission of the crime or failure to oppose the crime are, by themselves, insufficient to establish accomplice liability. *Ransom v. State*, 850 N.E.2d 491, 496 (Ind. Ct. App. 2006).

[12] In this case, it is undisputed that Shumaker was present during the theft. She entered the convenience store with her companion, Myers, and engaged in a conversation with the clerk while Myers furtively moved the donation bucket back and forth along the counter until it was near him and out of the sight of the clerk. It is obvious from the video that just before Myers slipped the bucket into his jacket, Shumaker turned to Myers, made eye contact, and had a verbal exchange with him. After Myers had completed the theft, Shumaker did not extricate herself from the situation, disassociate herself from Myers, or otherwise oppose the crime. To the contrary, from viewing the video she appears that she may have distracted the clerk by leaning over and onto the

counter and drawing attention to herself, thus allowing Myers to leave the store unnoticed. Finally, Shumaker got into the car with Myers and Boatman and drove away.

[13] Shumaker argues that Myers admitted at trial that he stole the donation bucket, and he claimed he did it without Shumaker's prior knowledge. The trial court was the finder of fact, and the task of weighing credibility is reserved to it alone. The court was not required to believe Myers, who also stated at trial that his memory of the night in question was hazy because he had been under the influence of controlled substances. Myers also stated he still loved Shumaker. In summary, crediting Myers' testimony would require us to reweigh the evidence, which our standard of review forbids.

[14] In any event, arguably, it may appear that Shumaker had no advance knowledge of the crime, but, the video strongly suggests that she became acutely aware of the crime as it was developing and ultimately occurred and it could be reasonably construed that she participated in it. Therefore, the evidence is sufficient to establish that she knowingly took concerted action to participate in the crime of theft as an accomplice. *See Smith v. State*, 809 N.E.2d 938, 945 (Ind. Ct. App. 2004), (evidence sufficient to sustain conviction for resisting law enforcement with a vehicle as an accomplice because, even though defendant was a passenger in the car, he did not ask the driver to stop and removed the license plate from the rear window in an attempt to hinder police identification), *trans. denied*.

Shumaker cites *Pennington v. State*, 459 N.E.2d 764 (Ind. Ct. App. 1984), in support of her claim, but that case is distinguishable. In that case, a panel of this Court found the evidence insufficient to support a conviction of theft as an accomplice because there was no evidence that the defendant distracted the store employee while her brother left the store with a stolen radio. By contrast, in this case the surveillance video clearly showed Shumaker making eye contact with Myers and saying something to him just before he slid the donation bucket into his jacket. Next, Shumaker leaned over and onto the counter and engaged in a conversation with the clerk as Myers prepared to leave the store, giving the appearance of providing cover or a distraction to prevent the detection of the crime and/or his participation.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Baker, J., and Mathias, J., concur.