## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 07 2016, 9:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Marielena Duerring<br>South Bend, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Ian McLean<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shaquille Delaney,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 7, 2016<br><br>Court of Appeals Case No.<br>71A03-1604-CR-966<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Elizabeth C.<br>Hurley, Judge<br><br>Trial Court Cause No.<br>71D08-1509-F6-642 |

**Altice, Judge.**

**Case Summary**

[1] Shaquille Delaney appeals his conviction for Battery in the Presence of a Child, a Level 6 felony. He contends the State presented insufficient evidence to prove venue and that he was at least eighteen years old at the time of the offense.

[2] We affirm.

## Facts & Procedural History

[3] The evidence most favorable to the conviction reveals that Noelia Bueno and Delaney were involved in a romantic relationship for a period of time in the first half of 2015. During that time, Delaney did not live with Bueno and her two young children, but he did have a key to her home and spent the night while they were dating. Their relationship ended before June 28, 2015, and Bueno got her house key back from Delaney.

[4] In the early morning hours of June 28, 2015, Bueno came home to find Delaney inside. She initially asked him to leave but then allowed him to sleep on her couch because he said he had nowhere to go. Bueno slept until about 8:30 a.m., when her sister arrived to return Bueno's three- and four-year-old children. Bueno wanted to give her sister gas money but could not find any money in her wallet.

[5] After her sister left and her children were inside, Bueno woke Delaney and accused him of taking her money. She also asked him to leave. The two argued for a bit and then Delaney charged at Bueno and pushed her onto the couch, causing her to bang her head on the metal frame. Bueno tried to fight

back to free herself, but Delaney punched her on the left side of the head. Bueno's children witnessed the attack, and her young son even tried to push Delaney off his mother.

[6] The State charged Delaney with battery in the presence of a child, a Level 6 felony, and his jury trial was held on March 17, 2016. The jury found Delaney guilty as charged. Thereafter, the trial court sentenced Delaney to eighteen months in the St. Joseph County Jail. Delaney now appeals. Additional facts will be provided below as needed.

## Discussion & Decision

### *Venue*

[7] It is well established that an objection to venue is waived if not timely raised in the trial-court proceedings. *See, e.g., Floyd v. State,* 503 N.E.2d 390, 393 (Ind. 1987) ("Many times this Court has held that a defendant waives error relating to venue when he fails to make an objection at the appropriate time in the trial court."); *Smith v. State*, 809 N.E.2d 938, 942 (Ind. Ct. App. 2004) ("a defendant waives an alleged error relating to venue when he fails to make an objection before the trial court"), *trans. denied.* Delaney did not object to venue below. Accordingly, he has waived review of this issue on appeal.

### *Sufficiency of the Evidence Regarding Age of Defendant*

[8] Delaney argues that the State failed to establish that he was at least eighteen years old at the time of the offense. Although he acknowledges that Bueno

testified that Delaney was twenty-five or twenty-six years old, he notes that she never testified to her own age, how long she knew Delaney, how long they dated, or whether she knew his date of birth.

[9] Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the conviction. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence, and we will affirm unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence will be found sufficient if an inference may reasonably be drawn from it to support the conviction. *Id.* at 147.

[10] At the time of the offense, Ind. Code § 35-42-2-1(d)(6) elevated the crime of battery to a Level 6 felony where the battery was committed against a family or household member in the physical presence of a child less than sixteen years of age (knowing that the child was present and might be able to see or hear the offense) when the defendant was at least eighteen years of age.[1] Delaney challenges only the sufficiency of the evidence establishing his age.

[11] Statutorily specified ages may be established by circumstantial testimonial evidence. *See Hmurovic v. State*, 43 N.E.3d 685, 687 (Ind. Ct. App. 2015). Here,

---

[1] This elevated offense is now codified in the domestic battery statute at I.C. § 35-42-2-13.3(b)(2).

the victim – Delaney's former girlfriend – testified that Delaney was "[t]wenty-five, 26 now, something like that" at the time of trial, which took place within a year of the offense. *Transcript* at 25. Bueno's testimony sufficiently established that Delaney was at least eighteen years old when he committed the battery, and we reject his request for us to reweigh the evidence. *See Staton v. State*, 853 N.E.2d 470, 474-76 (Ind. 2006) (victim's unrebutted testimony that she "imagined" and "understood" defendant's age to be at least eighteen amounted to sufficient evidence regarding defendant's age); *cf. Stewart v. State*, 866 N.E.2d 858, 863 (Ind. Ct. App. 2007) (finding insufficient evidence where "no witness even ventured a guess as to Stewart's age").

[12] Judgment affirmed.

[13] Bradford, J. and Pyle, J., concur.