## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 18 2017, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Le Gia Hoang,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 18, 2017<br><br>Court of Appeals Case No.<br>22A01-1610-CR-2329<br><br>Appeal from the Floyd Superior Court<br><br>The Honorable Maria D. Granger, Judge<br><br>Trial Court Cause No.<br>22D03-1409-F5-1711 |

**Altice, Judge.**

## Case Summary

[1] Le Gia Hoang appeals following his convictions for Level 5 felony dealing in marijuana and Level 6 felony maintaining a common nuisance. He raises a number of issues on appeal, which we restate as follows:

> 1. Did the trial court abuse its discretion by instructing the jury on accomplice liability?

> 2. Did the State present sufficient evidence to support Hoang's dealing conviction?

> 3. Did the trial court abuse its sentencing discretion by considering Hoang's age to be an aggravating circumstance?

> 4. Is Hoang's sentence inappropriate in light of the nature of the offenses and his character?

[2] We affirm.

### Facts & Procedural History

[3] On September 26, 2014, law enforcement went to Holland Freight Company in Jeffersonville to investigate a tip they had received regarding a suspicious package bound for an address in Louisville. A police canine alerted the officers to the presence of drugs in the package in question. Officers from three separate law enforcement agencies then set up surveillance at the freight facility. They watched as an individual later identified at Lucky Siharath arrived in a white Chevrolet pickup truck and retrieved the package. Officers followed the truck as it left the freight facility and travelled to a residence in New Albany.

[4] At the residence, the truck backed into an open garage. Two officers then approached Siharath, showed their badges, and identified themselves as police officers. At that time, Hoang entered the garage through an interior door leading into the residence. One of the officers asked Hoang if he could speak to him, but Hoang quickly went back into the house. Officers attempted to regain contact with Hoang by knocking on the door and windows, but he did not come back outside until about ten or fifteen minutes later. Hoang told the officers that he rented the house and agreed to allow them to check inside. When officers entered the residence to perform a protective sweep, they encountered a very strong odor of marijuana and observed a number of items associated with marijuana processing located in plain view. Officers then obtained a search warrant for the house and for the package retrieved from the freight facility.

[5] In the freight package, police found several vacuum-sealed bags containing a total of over twenty pounds of marijuana hidden among various restaurant supplies. Inside the residence, police discovered what one officer described as "a marijuana operation." *Transcript Vol. 2* at 172. In the only bedroom, police found a vacuum sealer, a handgun, a drug ledger, and clothing consistent with Hoang's size, but not Siharath's. They also found a suitcase with $27,400 in cash hidden inside the lining. In a bathroom, police found another vacuum sealer, a digital scale, a jar containing marijuana, two small bags of marijuana, and a shoebox containing a small amount of marijuana and drug paraphernalia. Also in the house, the police found fifteen to twenty large plastic buckets that

are commonly used to ship marijuana, vacuum-sealed bags that had been cut open and emptied, and a large plastic bin or cooler with a small amount of marijuana in the bottom. Officers also located a cashier's check for $7,200 bearing Hoang's name as the purchaser, as well as title certificate for the pickup truck Siharath had been driving, which listed Hoang as the owner of the vehicle. In the garage, police found a vacuum-sealed bag containing $12,000 in cash and empty boxes identical to the ones in the freight that Siharath had picked up that day. Additionally, when Hoang was booked into jail later that day, jail officers found a number of money orders in Hoang's pocket or wallet and hidden in his shoe.

[6] As a result of these events, the State charged Hoang with Level 5 felony dealing in marijuana and Level 6 felony maintaining a common nuisance. Following a jury trial, Hoang was found guilty as charged. On September 12, 2016, the trial court sentenced Hoang to serve an aggregate four-and-a-half-year executed term. Hoang now appeals.

## Discussion & Decision

### 1. Jury Instruction

[7] Hoang first argues that the trial court abused its discretion when it instructed the jury on accomplice liability. "Instructing a jury is left to the sound discretion of the trial court, and we review its decision only for an abuse of discretion." *Patterson v. State*, 11 N.E.3d 1036, 1040 (Ind. Ct. App. 2014). "In reviewing a trial court's decision to give a tendered jury instruction, we consider

(1) whether the instruction correctly states the law, (2) is supported by the evidence in the record, and (3) is not covered in substance by other instructions." *Munford v. State*, 923 N.E.2d 11, 14 (Ind. Ct. App. 2010).

[8] Hoang argues that the trial court abused its discretion in instructing the jury on accomplice liability because there was no evidence in the record to support such an instruction. The accomplice liability statute provides that "[a] person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense[.]" Ind. Code § 35-41-2-4. Thus, there is no distinction under Indiana law between the responsibility of a principal and an accomplice. *Wise v. State*, 719 N.E.2d 1192, 1198 (Ind. 1999). Factors considered by the fact-finder to determine whether a defendant aided another in the commission of a crime include: "(1) presence at the scene of the crime; (2) companionship with another engaged in criminal activity; (3) failure to oppose the crime; and (4) a defendant's conduct before, during, and after the occurrence of the crime." *Smith v. State*, 809 N.E.2d 938, 944 (Ind. Ct. App. 2004), *trans. denied*. Although a defendant's mere presence or lack of opposition to a crime is insufficient standing alone to establish accomplice liability, they may be considered along with the other factors to determine participation. *Id.* "If there is some evidence that a second party was involved in the crime, an instruction on accomplice liability is proper." *Wise*, 719 N.E.2d at 1198.

[9] Hoang's argument essentially asks us to view each piece of evidence in isolation, which we will not do. When taken together, the evidence in this case was more than sufficient to support an instruction on accomplice liability.

Siharith used a pickup truck belonging to Hoang to pick up a package containing over twenty pounds of vacuum-sealed marijuana. Siharath then delivered the package to a residence that Hoang admitted he was renting. When Siharath arrived with the package, the garage door was open and Hoang came outside to meet him. When officers approached him, Hoang quickly went back inside and did not come out for ten to fifteen minutes, even though officers were knocking on the doors and windows. The inside of the residence smelled strongly of marijuana and was littered with items associated with dealing in marijuana, including two vacuum sealers, a drug ledger, a digital scale, numerous plastic buckets that are commonly used to ship marijuana, vacuum-sealed bags that had been cut open and emptied, a large plastic bin or cooler with a small amount of marijuana in the bottom, and a handgun. Police also found almost $40,000 in cash, $12,000 of which was in a vacuum-sealed bag, which officers testified is typically done by drug traffickers in an attempt to mask the scent of the currency. Police also found drug paraphernalia, two small bags of marijuana, a jar of marijuana, and documents bearing Hoang's name, including a cashier's check for $7,200. Furthermore, when Hoang was booked into jail, he had a number of money orders hidden on his person. This evidence permits a reasonable inference that Hoang was Siharath's accomplice in carrying out a marijuana dealing operation at the residence. Accordingly, an instruction on accomplice liability was clearly warranted.

## 2. *Sufficiency of the Evidence*

[10] Hoang also argues that the State presented insufficient evidence to support his conviction for dealing in marijuana. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008). It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[11] In order to support Hoang's dealing conviction, the State was required to prove that Hoang—as either a principal or an accomplice—knowingly or intentionally possessed at least ten pounds of marijuana with intent to deliver. *See* Ind. Code § 35-48-4-10. Hoang's arguments on appeal are nothing more than requests to reweigh the evidence, which we will not do. The evidence summarized above is more than sufficient to support Hoang's conviction for dealing in marijuana as either a principal or an accomplice.

*3. Age as a Sentencing Aggravator*

[12] Next, Hoang argues that the trial court abused its discretion by considering his age to be an aggravating factor. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* A trial court may abuse its sentencing discretion in a number of ways, including entering a sentencing statement that includes aggravating factors that are improper as a matter of law. *Id.* at 490-91. Even if the trial court is found to have abused its discretion in sentencing the defendant, "the sentence will be upheld if it is appropriate in accordance with Indiana Appellate Rule 7(B)." *Felder v. State*, 870 N.E.2d 554, 558 (Ind. Ct. App. 2007) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007)).

[13] Hoang was sixty-seven years old at the time of sentencing. The trial court mentioned Hoang's age in both its written and oral sentencing statements. In its oral sentencing statement, the trial court stated that Hoang's age indicated that "there's not a lot of forming left for [him] to do." *Transcript Vol. 3* at 228. In its written sentencing order, the trial court indicated that it found Hoang's likelihood of reoffending, based upon the fact that previous contacts with law enforcement for similar conduct have not deterred his criminal involvement, to be an aggravating circumstance. The court found no mitigating circumstances and reasoned that Hoang's "active and continued involvement in the illicit marijuana trade has occurred in his mature years as an adult, and as the

aggravating circumstances outweigh the mitigating circumstances, this Court shall impose an aggravated sentence." *Appellant's Appendix Vol. 2* at 196.

[14] Even if we assume that it would have been improper for the trial court to consider Hoang's age to be an aggravating factor, the trial court's references to Hoang's age do not indicate that it did so. Rather, they indicate that the trial court found that Hoang's actions could not be chalked up to immaturity; in other words, his age was not a mitigating factor. We therefore cannot conclude that the trial court abused its discretion by considering an improper aggravating circumstance. In any event, even if the trial court had abused its discretion in this or another way, remand for resentencing would not be warranted because, as we explain below, Hoang's sentence is not inappropriate.

*4. Inappropriate Sentence*

[15] Hoang also argues that his four-and-a-half-year executed sentence is inappropriate in light of the nature of the offense and his character. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014)

(quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Hoang bears the burden on appeal of persuading us that his sentence is inappropriate. *See id.*

[16] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell*, 895 N.E.2d at 1224). Moreover, "[t]he principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp*, 9 N.E.3d at 1292. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

[17] In order to assess the appropriateness of a sentence, we first look to the statutory range established for the classification of the relevant offenses. Hoang was convicted of Level 5 felony dealing in marijuana and Level 6 felony maintaining a common nuisance. The sentencing range for a Level 5 felony is one to six years, with an advisory sentence of three years. I.C. § 35-50-2-6. The sentencing range for a Level 6 felony is six months to two and a half years, with an advisory sentence of one year. I.C. § 35-50-2-7. Hoang was sentenced to four and half years executed for his dealing conviction and one and half years

executed for maintaining a common nuisance.  The sentences were ordered to be served concurrently, for an aggregate sentence of four and a half years executed.

[18]    Considering the nature of the offense, we note that the evidence presented at trial supports a conclusion that Hoang was involved in an ongoing, large-scale drug operation at the residence he rented.  In addition to the over twenty pounds of marijuana discovered in the package Siharath retrieved from the freight company, the residence contained numerous items associated with marijuana trafficking, including a drug ledger, a digital scale, two vacuum sealers, vacuum-sealed bags that had been cut open and emptied, a large bin or cooler with a small amount of marijuana in the bottom, numerous plastic buckets commonly used to ship marijuana, a handgun, and nearly $40,000 in cash.  In short, the nature of the offense in this case supports the sentence imposed.

[19]    Considering the character of the offender, we note that this is not Hoang's first marijuana-related conviction.  In 2006, Hoang was charged in California with conspiracy to commit possession of marijuana for sale and ultimately convicted of a felony possession charge.  Additionally, evidence presented at sentencing established that Hoang had twice had large amounts of cash seized by the federal Drug Enforcement Agency at the Oakland International Airport after disembarking flights from Louisville.  Specifically, $186,920 was seized in in March 2013 and $43,950 was seized in November 2015—well after the offenses at issue in this case.  This evidence supports an inference that Hoang has

participated in a drug trafficking operation spanning multiple states and has not been deterred despite repeated contacts with the criminal justice system. Accordingly, we cannot conclude that his sentence of four and a half years executed is inappropriate.

[20] Judgment affirmed.

[21] Riley, J. and Crone, J., concur.